## OKLAHOMA GAS & ELECTRIC CO. et al. v. SANTINO et al.

No. 23281. Opinion Filed May 31, 1932.

Rehearing Denied June 21, 1932.

H. C. Thurman and B. A. Bowman, for petitioners.

Anglin & Stevenson and B. P. Bodard, for respondents.

HEFNER, J. This is an original proceeding in this court by the Oklahoma Gas & Electric Company and Fidelity & Casualty Company of New York to review an order of the Industrial Commission awarding compensation to James M. Santino.

Claimant alleges that, while in the employ of petitioner gas and electric company, he sustained an injury consisting of a broken leg received while moving a motorcycle out of space necessary for use in parking cars which belonged to his employer. The Commission found that he sustained an accidental injury as claimed, and that by reason thereof he was temporarily disabled for a period of 20 weeks, and awarded him compensation therefor at the rate of $18 per week; and also found that, by reason of the injury, he sustained a 30 per cent. permanent partial loss of the use of his right leg, and awarded him additional compensation at the rate of $18 per week for a period of 45 weeks.

Petitioners assert that the award is contrary to law because there is no evidence which reasonably tends to prove that claimant's injuries arose out of and in the course of his employment.

The evidence on behalf of claimant is that he was employed by petitioner electric company as a mechanic; he sustained a broken leg between 8:30 and 9 o'clock on the night of May 30, 1930; his duties at that time, to use his language, were to "keep things going"; he was in charge of the business of his employer at that time; immediately prior to the injury, he took a car which he had serviced from the garage and parked it on the outside and was about to take another car into the garage; Mr. McCord, an employee of the company, had placed a motorcycle in the space provided for cars; it was necessary for claimant to move it a distance of about 25 or 30 feet; he did not push the machine this distance, but rode it and, in order to make the circle to park it in the proper place, it was necessary to ride a distance of about 140 feet; he rode it that far in attempting to park it, and in doing so, rode against a plank and broke his leg. It was his duty to move the motorcycle in order to clear the space for parking purposes.

Petitioners offered evidence to the effect that it was not necessary for claimant to have moved the motorcycle and that it was no part of his duties so to do; that McCord was riding the machine for pleasure and was not required to use the same in the course of his employment. They also offered evidence that claimant requested McCord's permission to ride the motorcycle, which permission was granted; that the

machine did not belong to either claimant or his employer, but it belonged to another employee of the company who was at that time absent; and that the motorcycle was used by claimant and McCord without the knowledge or consent of the owner thereof. Claimant denied that he was riding the motorcycle for pleasure.

The evidence on the question of whether the injury arose out of and in the course of claimant's employment is conflicting. We cannot, under the law, weigh the evidence. In the case of Superior Smokeless Coal Co. v. Hise, 89 Okla. 70, 213 P. 303, this court said:

"As to whether an injury arose out of and in the course of employment is a question of fact to be determined by the Industrial Commission under the facts and circumstances of each particular case."

See, also, Ryan v. State Ind. Com., 128 Okla. 25, 261 P. 181.

Under the record, it cannot be said that there is no evidence tending to prove that claimant's injuries arose out of and in the course of his employment.

The petition to vacate is denied.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.