## MAGNOLIA PETROLEUM CO. v. PORTERFIELD et al.

No. 23216. Opinion Filed Nov. 29, 1932.

Rehearing Denied Dec. 27, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Jack W. Page, for respondent Paul R. Porterfield.

CULLISON, J. This is an original proceeding in this court to review an award of the State Industrial Commission made on November 27, 1931, in favor of Paul R. Porterfield, claimant.

Said award contains, in substance, the following findings of fact:

(1) That while employed by respondent, claimant was injured in a hazardous employment on April 7, 1931, by reason of a back injury causing paralysis of the sensory nerves of his lower limbs.

(2) Fixing his wages.

(3) Fixing claimant's disability by reason thereof as total permanent disability

—and ordered claimant be paid compensation therefor at the rate of $17.31 per week for 500 weeks.

Petitioner herein complains of said award, and makes the following assignment of error:

"That said award is contrary to law, and there is no competent evidence in the testimony or the record to support the finding of the Commission that the respondent Paul R. Porterfield sustained an accidental personal injury while in the course of his employment with the petitioner; that the testimony all showed conclusively that the respondent Paul R. Porterfield was suffering from a disease, and that the same was not aggravated or accentuated by the alleged accident."

The record discloses that claimant had worked continuously for petitioners since 1920, with the exception of two or three months in 1928 and 1929, during which time claimant was receiving hospitalization at petitioner's expense.

Petitioner's contention is that claimant was then suffering from anemia, but the record shows claimant was then suffering from naptha burns to his feet. It is the contention of petitioner that claimant suffered from this trouble with his feet, that the same gradually grew to involve his legs long prior to April 7, 1931, and that claimant's condition cannot be traced to the alleged accident of April 7, 1931.

The question before the Commission was. What caused claimant's condition? The Commission saw fit to believe the medical testimony of claimant's doctors to the exclusion of petitioner's herein, and found claimant's condition was due to the accident. To ascertain whether or not the Commission erred in so finding, we quote the testimony in part. Dr. J. R. Bohanon testified that his findings were as follows:

"After having thoroughly examined and questioned this patient and keeping him under nearly constant observation for a month, and after compiling all the facts in the case and grouping all symptoms and findings the best I may. I have arrived at the following diagnosis. That of a hemorrhage into the spinal cord, dorsal column due to traumatism at the time of the accident in which the strain and lift occurred. This hemorrhage of the spinal cord and dorsal horn is accompanied by very definite sensory findings, with a definite line of demarcation about the first lumbar vertebra region."

The doctor further testified as follows:

"Q. From your knowledge of this case and the history you have received. is it your opinion that the present condition is due to the injury? A. From all the history of the accident. this is the only accident he has had that could cause a condition like this. Q. Is his condition due to the injury? A. His condition is due to a rupture of the blood vessel from the strain at that time. Q. Would it be possible for a man when he received a strain to have a rupture into the spinal cord? A. That is very common. In a majority of cases, they occur when a

person is under great strain in lifting and doing any kind of outdoor labor."

Dr. O. A. Kirby testified as follows:

"Q. Those are your findings, Doctor? A. Yes. Q. Have you been able from any of your examinations and tests to find anything else that would cause this man's condition other than what you state? A. No, I am not. Q. Would an injury such as the claimant relates he received, that is, an injury to the back, would that cause a hemorrhage into the spinal cord as you have related? A. Yes, it would. Q. Is it your opinion that is what occurred in this case? A. It is. Q. What portion of this claimant's body is affected, and how? A. He has partial paralysis from the waist down."

Dr. M. S. Gregory testified as follows:

"A. * * * It is my opinion this man is totally and permanently disabled from manual labor. Q. Would you say this man's present condition is due to the injury and strain he received? A. It is entirely reasonable to attach it to. Hemorrhages are common and very destructive. Q. Is it your opinion this man had a hemorrhage into the spinal cord? A Yes, it is my opinion. Q. Have you been able to find anything else that would cause this condition other than the strain? A. No. * * *"

Dr. Bohanon testified that his conclusion was that claimant's sclerosis was not due to anemia, and that, in his opinion, claimant had never had pernicious anemia; that if he had he would be in a critical condition now, having had it back as far as 1927.

The record contains conflicting testimony tending to support the contention of petitioners. However, by virtue of law, the Industrial Commission is the trier of facts, and where the record contains competent testimony reasonably tending to support its findings, the same will not be disturbed by this court on review.

The award of the Commission is accordingly affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6255; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.