## SAIN v. MORAN-BUCKNER CO. et al.
No. 26097.    Oct. 15, 1935.

Britton H. Tabor, for petitioner.

Mac. Q. Williamson, Atty. Gen., Houston W. Reeves, Asst. Atty. Gen., and J. A. Tillotson, for respondents.

GIBSON, J.    This is an original application of petitioner, D. N. Sain, claimant below, to review an order of the State Industrial Commission denying claimant compensation.

The record shows that the petitioner was in the employ of the respondent Moran-Buckner Company, and on the 15th day of October, 1933, sustained an accidental personal injury arising out of and in the course of his employment. On February 27, 1934, after a hearing, an award was made in favor of claimant for temporary total dis-

ability from October 16, 1933, to February 25, 1934. That order also found "that it is too early to determine the claimant's permanent disability at this time, if any." Thereafter, the claimant filed his petition for a further hearing and further compensation. The hearing was had on October 9, 1934, and on December 3, 1934, the Commission entered its order denying claimant further compensation "for the reason the evidence is insufficient to show that the claimant has any permanent partial disability by reason of the accident of October 15, 1933." To review this order the petitioner has filed this action.

At the latter hearing, the claimant introduced evidence to show the extent of his disability and that such disability was the result · of the accidental injury of October 15, 1933. The respondent and insurance carrier introduced no competent evidence to show that the claimant was not disabled at the time of the second hearing, or that if such disability did exist, it was not the result of the accidental injury for which a temporary total disability award had theretofore been made.

The State Industrial Commission is the trier of the facts. Had it made an award in favor of the claimant, we would have been forced to sustain it, for there is competent evidence in the record to sustain such an award. However, the State Industrial Commission is also the sole judge of the credibility of the witnesses. Its finding that the evidence introduced at the second hearing was insufficient to show that the claimant had any permanent disability due to the accidental injury was tantamount to holding that claimant's evidence to the effect that his existing disability was the result of the accidental injury was not worthy of belief, and consequently amounted to no evidence of that fact. Since the State Industrial Commission heard the evidence and observed the witnesses as they gave the evidence, and by its order denying claimant further compensation has determined the credibility of the witnesses who testified in claimant's behalf, we may not say that the State Industrial Commission erred in finding, in effect, that the evidence of such witnesses was not worthy of belief, and consequently that it erred in finding that there was no evidence to support claimant's claim.

The order denying compensation must be affirmed. It is so ordered.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.