## LeFLORE-POTEAU COAL CO. v. THURSTON et al.

No. 27713.    Dec. 13, 1938.

Rehearing Denied Jan. 17, 1939.

A. E. White, for petitioner.

Claud Briggs, W. P. Morrison, John Morrison, Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, for respondents.

RILEY, J. On November 4, 1935, the claimant, respondent J. D. Thurston, filed with the State Industrial Commission his claim for compensation alleging an injury as of August 18, 1935, to his right leg and foot caused by a falling rock in a mine in the course of his employment with petitioner.

The petitioner denied the injury, liability therefor, and notice thereof.

On December 17, 1936, an award based on actual notice was made claimant to compensate for injuries alleged and also compensating for an injury to the knee. Temporary total disability was allowed from September 2, 1935, to June 30, 1936. Henry Adamson, originally a respondent, was absolved from liability.

On review one issue is presented, and that is failure of evidence to sustain a finding of accidental injury arising out of and in the course of the alleged employment. The order and award was based on the positive testimony of claimant, whereas Adamson testified the mine was not running on the day claimed, Sunday. Earl Wise, bookkeeper, testified claimant did not work on the day claimed, and that the mine did not operate on Sundays with one ex-

ception. Others said by claimant to be present presented such negative testimony. Medical testimony tended to corroborate the fact of an accidental injury.

Petitioner relies upon McKeever Drilling Co. et al. v. Egbert, 170 Okla. 259, 40 P.2d 32, holding that the question as to whether an injury arose out of and in the course of employment is a jurisdictional question, and that the court would weigh the evidence and make its independent finding thereon.

Theretofore and long existing, the rule prevailed that the factum of an injury arising out of and in the course of employment fell under the rule that the commission's finding thereon would not be reversed if supported by competent evidence. Oklahoma Gas & Elec. Co. et al. v. Santino et al., 158 Okla. 70, 12 P.2d 221; Magnolia Pet. Co. v. Porterfield et al., 161 Okla. 150, 17 P.2d 418; Nash Finch Co. et al. v. Harned et al., 141 Okla. 187, 284 P. 633; Ryan v. State Indus. Comm., 128 Okla. 25, 261 P. 181; City of Kingfisher et al. v. Jenkins, 168 Okla. 624, 33 P.2d 1094.

In City of Kingfisher et al. v. Jenkins, supra, Mr. Justice Bayless, speaking for the court, said:

"With respect to the first proposition of petitioners, there was evidence reasonably tending to support the finding of the commission, and as we have said in Oklahoma Gas & Elec. Co. v. Santino, 158 Okla. 70, 12 P.2d 221:

" 'The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and, where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award'."

Sain v. Moran-Buckner Co. et al., 174 Okla. 198, 50 P.2d 158.

In fact the McKeever Case, supra, shows that a rule was stated rather than a course made, for there the evidence was reviewed, found to be in conflict and the award sustained.

So in Tulsa Rig & Reel Mfg. Co. v. Case et al., 176 Okla. 262, 55 P.2d 777, while the McKeever Case was approved in words, it was held to be the duty of this court to "determine whether there is any evidence to support the findings of the commission" as to the fact of an accidental personal injury.

We have reviewed the evidence, and find the positive evidence of claimant to support the finding of which complaint is made, and some corroboration of it. The evidence of petitioner is negative.

The award will be sustained.

OSBORN, C. J., and CORN, HURST, and DAVISON, JJ., concur. WELCH, J., concurs in conclusion. BAYLESS, V. C. J., and GIBSON, and DANNER, JJ., absent.