HANES v. MAGNOLIA PIPE LINE CO. et al.

No. 31659. Nov. 14, 1944.

As Corrected on Denial of Rehearing Dec. 19, 1944.

*154 P. 2d 53.*

658

Claud Briggs, of Oklahoma City, and Homer H. Bishop, of Seminole, for petitioner.

W. R. Wallace, of Oklahoma City, Walace Hawkins, of Dallas, Tex., and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Claudious Delos Hanes, hereinafter referred to as petitioner, to obtain a review of an order made by trial commissioner, and adopted and affirmed by the State Industrial Commission, which denied a claim to compensation against Magnolia Pipe Line Company, hereinafter referred to as respondent.

The claim of petitioner to compensation was based upon a disability in the form of partial paralysis which had manifested itself about June 27, 1942, and which petitioner alleged had resulted from an accidental personal injury sustained in March or April, 1942, when petitioner received a blow on the head from a pair of pipe tongs while in the employ of the respondent and engaged in laying a pipe line between Wewoka and Seran Tank Farms of respondent. The respondent denied the claim of accidental injury and denied that disability of petitioner was due to the injury, and pleaded failure of the petitioner to give the required statutory notice or any other notice of the alleged injury in bar of the claim to compensation.

The evidence adduced at hearings held to determine liability and extent of disability was in conflict both upon the issue of fact relative to the happening of the alleged accidental injury and upon the fact of whether the disability of petitioner had been caused by injury of any kind. The trial commissioner, upon the evidence so adduced, made the following finding and order:

"1. That the evidence introduced herein is insufficient to show that the disability that the claimant is suffering at this time is the result, either directly or indirectly, of any accidental personal injury sustained by him while in the employ of the respondent, Magnolia Pipe Line Company, on or about the 23rd, 24th, or 25th day of March, 1942, and therefore, claimant's claim for compensation herein should be denied.

"It is therefore ordered by the trial commissioner, that claimant's claim for compensation herein be and the same is hereby denied."

The finding and order made by the trial commissioner was, on appeal, adopted and affirmed as the finding and order of the State Industrial Commission, one commissioner dissenting thereto.

The petitioner as grounds of error and illegality in the order submits the following propositions:

"1. The proof is conclusive and it must be held that claimant sustained an accidental personal injury in the course of his employment by the respondent accident being on or about the 24th day of March, 1942, and which resulted in injury covered by and subject to the provisions of the Workmen's Compensation Law of Oklahoma.

"2. That the evidence is sufficient to and does establish disability as a result of the accidental injury of March 24th, 1942, and the Commission erred in its finding or conclusion that the evidence was insufficient to establish such fact.

"3. That when all the evidence upon the question of disability and its causes is considered, and a proper analysis thereof is made, it must be decided that the proof is conclusive and an award directed.

"4. Under the undisputed proof and

issues it was the duty of the Commission to have found and determined that claimant either gave sufficient notice to meet the requirements of the Statute or that for sufficient cause it could not have been given sooner and that failure to give the notice as required by the Statute resulted in no prejudice to the respondent.

"5. That the Commission erred in its failure to make a finding of fact upon the defense of another injury as being the cause of disability, when, under the undisputed proof such defense was without support of evidence.

"6. The proof is conclusive and to the effect that claimant is totally and permanently disabled as a result of his injury and an award should be directed accordingly."

It will be necessary to consider only the first two propositions advanced by petitioner. Under the first proposition petitioner contends that his testimony relative to occurrence of the alleged accident was positive, whereas the testimony of the witnesses appearing for the respondent was negative, and that therefore his testimony was entitled to greater weight and should be deemed conclusive proof of the alleged accidental injury. In support of the contention so made our attention is directed to Oklahoma Union Ry. Co. v. Houk, 109 Okla. 187, 235 P. 499, and Jensen v. Oregon Short Line R. Co., 59 Utah, 367, 204 P. 101. An examination of the authorities cited will reveal that they have no application to the situation here involved. The testimony of the petitioner relative to the happening of the alleged accidental injury and the circumstances under which it took place and the conversation had with Roy Moon, a fellow worker at the time of the alleged accident, was flatly contradicted by the said Roy Moon. Under these circumstances the testimony of the witness was positive and did not involve the rule sought to be invoked by petitioner. On the contrary, it involved the credibility of the witnesses and the weight to be given to their testimony. Under these circumstances, the testimony being in conflict, the State Industrial Commission was the sole judge of the credibility thereof and the weight to be given thereto. Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

The next contention of petitioner, that the evidence was sufficient to establish disability of petitioner as a result of the alleged accidental injury of March 24, 1942, and that the State Industrial Commission could not find to the contrary, is wholly untenable. As pointed out above, the evidence was in conflict upon the primary fact of whether petitioner had sustained any accidental injury, and the evidence was in further conflict on whether the disability of petitioner was due to injury or to other cause. It is essential that a disability be the result of an accidental injury sustained in a compensable employment before any award of compensation may be made. 85 O. S. 1941 § 11; Armour & Company v. Worden, 189 Okla. 106, 114 P. 2d 173; Turner v. Ford, 183 Okla. 567, 83 P. 2d 844. The disability for which petitioner was seeking compensation was of such nature as to require that a determination of its cause and extent be established by the testimony of skilled and professional persons. The testimony of competent witnesses who testified at the hearings to determine liability and extent of disability was in conflict, and therefore presented a question of fact for determination by the commission. Oklahoma Ry. Co. v. Voss, 187 Okla. 622, 105 P. 2d 218; Keck v. Wilson, 184 Okla. 138, 85 P. 2d 757; LeFlore-Poteau Coal Co. v. Thurston, 184 Okla. 178, 86 P. 2d 284. The finding of fact made by the trial commissioner and adopted and affirmed by the State Industrial Commission was, in substance, that the petitioner had no disability as a result of his alleged accidental injury. The order under review, being one made by the State Industrial Commission in the administration of the Workmen's Compensation Act, and being supported by competent evidence shown in the record, will not be disturbed by this court. McKeever Drilling Co. v. Egbert, 170 Okla. 259,

40 P. 2d 32; Le Flore-Poteau Coal Co. v. Thurston, supra.

The other propositions advanced by petitioner involve matters foreign to the determinative issues submitted, and therefore are not discussed.

Order sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.