[redacted]

GENTRY v. STATE INDUSTRIAL COMMISSION et al.

No. 32817. Jan. 27, 1948.
Rehearing Denied Oct. 4, 1949.

*210 P. 2d 160.*

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

Melton, McElroy & Vaughn, of Chickasha, for petitioner.

Hatcher & Hatcher and Baxter Taylor, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought to review an award made to the respondent, Roy Bounds, who was employed by the petitioner in its automobile body works at Chickasha, Okla. Following proceedings conducted to determine the cause and extent of the disability the State Industrial Commission by a single commissioner, under date of January 31, 1946, found that respondent had sustained an accidental injury arising out of and in the course of his employment when he injured his back, and ordered payment for temporary disability in the amount of $415.44, and found that he had sustained a 5 per cent permanent

partial disability and ordered payment of $432.75 as payment for such permanent partial disability. The award was affirmed by the entire commission on appeal.

This proceeding is brought to review the award and the sole issue presented in three different arguments is one of fact. Petitioner argues that there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that respondent sustained an accidental injury. In support of this proposition petitioner cites and relies upon Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P. 2d 647, and Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P. 2d 163. These cases deal with an uncontested question of fact and are not in point in the case at bar.

The facts will be briefly stated. Respondent was employed as a laborer in the Gentry Body Works at Chickasha, Okla., and he states that on the 3rd day of April, 1945, at about 4:30 in the afternoon, he was assisting in the pulling of a two wheeled cart or truck which was heavily loaded with steel, and that it was necessary to roll the loaded truck up an incline and that the truck jerked and threw respondent in such a position that it injured his back. Assuming the statement of respondent to be correct and based thereon a medical expert witness testified that as a result of the accidental injury sustained by respondent he has a permanent partial disability to the extent of 25 per cent.

In Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P. 2d 1212, we stated:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

Petitioner argues that all of the witnesses with the exception of respondent denied that there was any accidental injury on the date in question; that there was no pulling or jerking of the truck and that therefore there was no accidental injury, and that the rule to be applied is announced in Oklahoma Leader Co. v. Wells, 140 Okla. 294, 296 P. 751, wherein it is stated that there must be an unusual and unexpected occurrence to constitute an accident. However, we have held in many cases that a jerk or sudden strain is within the rule and definition of an accidental injury. National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497. Without conceding that there is no other evidence in the record other than the testimony of respondent, we think the case comes clearly within the rule announced in LeFlore-Poteau Coal Co. v. Thurston, 184 Okla. 178, 86 P. 2d 284, and Sinclair Prairie Oil Co. v. Stevens, 194 Okla. 109, 148 P. 2d 176. In the latter case we held, in effect, the question of whether a workman engaged in a hazardous employment actually sustained an accidental personal injury, when one of fact upon which conflicting evidence is presented, the finding of the commission thereon will be accepted by this court if there is any evidence reasonably tending to support the same.

Finally petitioner cites and relies upon Continental Oil Co. v. Pitts, 158 Okla. 200, 13 P. 2d 180; Washita County Gin Co. v. Colbert, 162 Okla. 276, 19 P. 2d 1080; Texas Pipe Line Co. v. Watson, 158 Okla. 44, 12 P. 2d 591, and states that the evidence discloses that any disability respondent has is the result of disease and not the accidental injury of April 3, 1945. We are of the opinion and hold that the rule to be applied is announced in Klein Iron & Foundry Co. v. State Industrial Commission, 185 Okla. 424, 93 P. 2d 751; Oklahoma Natural Gas Co. v. White, 187 Okla. 627, 105 P. 2d 225; and Magnolia Pet. Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622, wherein we held that whether the disability is the result

of an accidental injury claimed or prior accident or disease is one of fact and if there is any competent evidence to sustain the finding of the State Industrial Commission, an award otherwise properly made will not be vacated. In Magnolia Petroleum Co. v. Watkins, supra, we said:

"In an action to review an award of the Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and, where an award of the commission is supported by competent evidence, the same will not be disturbed by this court on review."

Since there is competent evidence reasonably tending to support the finding of the State Industrial Commission that the disability is due to the accidental injury of April 3, 1945, the award is sufficiently supported by the evidence.

Award sustained.

Rehearing Denied. ARNOLD, V.C.J., and GIBSON and HALLEY, JJ., dissenting.

GIBSON, J. (dissenting). I think that the award should be affirmed upon a review of the evidence, but I do not agree that the finding of fact by the commission that the claimant suffered an accidental injury is binding upon this court. The question of whether or not there has been an accidental injury goes to the jurisdiction of the commission, and therefore the commission's finding thereon cannot be binding on us.

It is urged by petitioner that the award is not sustained by sufficient evidence and is contrary to law. In support thereof it is urged on authority of the holdings of this court that in order to justify an award it is incumbent upon the claimant to establish the fact of the accident by a preponderance of the evidence and that the evidence herein is entirely insufficient to do so. Claimant urges that the fact of the accident is amply proven by the sheer weight of the evidence

but that under the holdings of this court no such weight is required. And cases are cited wherein this court has held that the cause and extent of disability of compensation claimant are questions of fact for the State Industrial Commission and where there is any competent evidence to support it, the award will not be disturbed on review; that this court will not review conflicting evidence or determine the weight thereof to review an award of the State Industrial Commission; and, substantially, to the effect that this court, for the purpose of review, will accord to the holdings of the State Industrial Commission the force of a judgment of a court of competent jurisdiction of the subject matter.

A review of the issue herein requires a statement of the controlling law. And since the apparent inconsistency if not actual conflict in the holdings tends to create confusion as to the power and duty of the State Industrial Commission as defined by this court, I think it well to point out the law governing this and other cases involving the same principle.

As said in 42 Am. Jur. 495, sec. 149, on authority of the U. S. Supreme Court:

". . . There is a distinction between what may be termed quasi-jurisdictional findings, which are indispensable, and the complete statement of the grounds of a commission's determination, which is desirable for the proper consideration of the case in the courts, but the absence of which is not fatal to the validity of the order."

There is no need to review the authorities relied on by claimant which accord to the State Industrial Commission the plenary authority of a court, because such can be justified only to the extend the determination involves nonjurisdictional grounds.

In McKeever Drilling Co. v. Egbert et al., 170 Okla. 259, 40 P. 2d 32, 36, after thorough consideration, we said:

"We have upheld the constitutionality of the Workmen's Compensation

Act of this state in so far as it relates to the power of our Legislature to establish administrative boards or bodies to assist in the determination and administration of purely judicial rights; but, to go further and to hold that the determination of such boards upon the existence of the very facts essential to their power to act is final and binding upon us, if supported by some reasonable evidence, is to abdicate the powers and position given us under our Constitution. In addition to this, it would also be a denial to petitioners of their right to have a judicial determination, in the sense of due process of law, of their legal liability to claimant under both Constitutions."

And, in Williams et al. v. Branum et al., 192 Okla. 129, 134 P. 2d 352, recognizing the distinction between the findings of the State Industrial Commission on nonjurisdictional issues and those on jurisdictional issues, we declared as to the former that the findings on conflicting evidence would be conclusive but not so as to jurisdictional issues. We held:

"This court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact. Briscoe Const. Co. v. Miller, 184 Okla. 136, 85 P. 2d 420, and Harley v. Smith, 152 Okla. 56, 3 P. 2d 666, to the contrary are expressly overruled."

The doctrine of the overruled cases accorded to the findings of the State Industrial Commission on jurisdictional issues the same force as those on nonjurisdictional issues and, thus, announce the same principles as the cases relied on by claimant.

In the quoted case the issue held to be jurisdictional was whether the claimant was an employee or a contractor. We said:

"However, this issue is one of jurisdiction, for if claimant is not an employee, the State Industrial Commission has not power to entertain his claim or afford him relief."

The rule there announced is no less applicable here unless it can be said that the issue whether there has or has not occurred an accidental injury does not involve the ascertainment of a fact in issue upon which the jurisdiction of State Industrial Commission to grant relief depends

In Tit. 85 O. S. 1941 §11, it is provided:

"Every employer subject to the provisions of this Act shall pay, or provide as required by this Act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the wilful intention of the injured employee to bring about injury to himself or of another, or where the injury results directly from the wilful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commissioner, or results directly from the intoxication of the injured employee while on duty; . . ."

With reference to the jurisdictional issues involved as incident to an award, we held, in Chicago Pneumatic Tool Co. v. McGew, 178 Okla. 439, 63 P. 2d 749:

"It is essential to the jurisdiction of the State Industrial Commission that the employer be engaged in one of the lines of businesses enumerated in the Workmen's Compensation Law and the employee engaged in manual or mechanical labor of a hazardous nature as defined by the act and that the injury for which compensation is sought arises out of and in the course of the employment."

And, whether a particular employment is covered by the Act, we have held to be a jurisdictional issue. Burrows v. State Industrial Commission, 188 Okla. 523, 111 P. 2d 175.

The controlling consideration underlying the holdings in these and other cases of like effect is that the existence of the fact in issue is essential to the existence of the power of the State Industrial Commission to afford relief. Under the terms of the Act, the fact of an accidental personal injury is an essential basis for any claim within the jurisdiction of the State Industrial Commission. Such being true, it cannot be urged with reason that the issue on such fact is less jurisdictional than those arising on the attendant facts touching the relation of the parties, the character of the enterprise, and the fact that the injury occurred in the course thereof, all of which we have held in the quoted cases. If any distinction obtains, the emphasis would be upon the mandatory character of the accidental injury for, by the terms of Tit. 85 O. S. 1941 §3, it is provided:

" 'Injury or personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom."

We have repeatedly held that a disability is not compensable unless it occurs as a result of an accidental injury, and that under the Workmen's Compensation Act compensation is payable solely for disability which results from an accidental personal injury (see cases cited in 14 Okla. Dig., Part 2, (West) p. 227, sec. 516). And we said in Hanes v. Magnolia Pipe Line Co. et al., 194 Okla. 657, 154 P. 2d 53, 55:

"It is essential that a disability be the result of an accidental injury sustained in a compensable employment before any award of compensation may be made."

In light of what has been said I deem it to be established in this jurisdiction that the issue upon the question whether an accidental injury occurred is a jurisdictional one and to be considered as such upon review of an award.

The distinction so made between jurisdictional and nonjurisdictional issues is fundamental and deserves especial respect since under the authority of the courts of last resort, both state and federal, the validity of the Workmen's Compensation Law is dependent upon its recognition. This conclusion violates no proper rule of liberal construction. A liberal construction to effectuate the purpose of the law cannot be used to extend the power of the State Industrial Commission beyond that which is granted.

Indicative of the force of the requirement, that the determination of jurisdictional issues must be supported by sufficient proof and the duty of the reviewing court to ascertain such fact, there is declared in 42 Am. Jur. 653, sec. 219, on authority of United States Supreme Court cases, there cited, as follows:

". . . Even though supported by evidence, an administrative determination of certain fundamental facts bearing upon a constitutional or jurisdictional issue is not conclusive upon the courts, and with respect to such a determination the courts have the power and duty to exercise their own independent judgment. The court is required to analyze administrative findings in so far as they bear upon these questions, and to the extent that may be found necessary to review the evidence and to decide whether a party has proved with a sufficient degree of certainty that the enforcement of the administrative order will operate to deprive him of his liberty or property without due process of law or to take property for the public use without just compensation."

In accord with the doctrine expressed we, since the enactment of the law, have consistently reviewed the evidence to determine whether the injury was due to accident or occupational disease.

We should hold that in order to sustain the award herein it must appear on review that the finding of the State Industrial Commission that an accidental personal injury actually occurred is supported by a preponderance of the evidence adduced. And, further, that an affirmance of an award on a

less degree of proof of a jurisdictional fact involved would not be a judicial determination of the basis of the liability imposed.

The claimant entered the service of Gentry Body Works, the employer, on the morning of April 3, 1945, as a common laborer, and the accident occurred about 4:30 p. m. of that day. At that time claimant and H. B. Lang, another employee, were undertaking to take into a building a hand-powered truck loaded with sheet steel. The floor of the building is about 4 inches higher than the ground without and, in order to facilitate the passage of the truck, an apron was provided by laying on the ground and extending onto the floor a sheet of steel 4 feet wide, 5 feet long and 3/8 of an inch in thickness. Upon the truck there were seven sheets of steel of like thickness and width, which extended from the front of the truck to beyond the rear. The weight of the load is variously estimated from 350 pounds to more than double that weight. The truck is operated by pulling or pushing on a crossbar, less than shoulder high, at the front end thereof. Claimant and Lang undertook to pull the truck into the building. Before the front wheels reached the elevation of the floor the truck stopped.

Claimant testified that at the moment it stopped he was swung sidewise and his right side began paining. That previously thereto he was able-bodied and strong but since then he could not exert himself without pain and was unable to do normal labor.

A physician, a witness called by claimant, testified at hearing held on June 11, 1945, that he examined the claimant some weeks previously and again on that date. That the first examination disclosed, and the latter confirmed, that claimant was suffering from myo-fibrositis of both inguinal areas, sprain-strain of both right lumbar and sacro-illiac and bilateral potential hernia; and that "The accident indicated in the history injured the structures in the low-back and lower abdominal walls extending into the flanks." That considering the trauma imposed he doubted that claimant would become well and that any effort at work should be a carefully guarded effort.

At the hearing held on July 17, 1946, claimant testified that he was still unable to work and that if there was any change in his condition he considered it to be for the worse. That previous to the injury he weighed about 145 or 150 pounds and only 128 the day before testifying. That for five or six months he had been receiving $42 per month from Welfare Department.

It is urged: (1) that the finding of the fact of the accidental injury is based solely upon the testimony of claimant; (2) that his ailments were result of an old injury and a chronic ailment; and (3) that it is but fair to assume that the injury was faked in order to collect an award off of his employer because he misrepresented the facts in order to obtain the employment.

In support of the first contention it is said:

". . . all witnesses who testified in the case say that he did not receive any injury, there was no jerking of the truck and that he could not have been injured like he claimed he was."

And the testimony of Henry Lang, Vernon Lowe and Leonard Bond, witnesses for the employer, is cited.

None of these witnesses denied the fact of such injury or expressed any opinion thereon.

Witness Lang testified that he and claimant, without the aid of others, undertook to pull the truck in. That when the truck hit the middle of the apron claimant "gave down", and said "you've got to wait, I hurt myself." That witness called for help. That said Lowe and Bond, and another who did not testify, came in response thereto. That the load was heavy and it took

the four of them to get the truck into the building. That claimant helped until they got over the incline and then quit, declaring that he was hurt. That witness then took claimant to a doctor on instructions of the boss. The only statement by the witness that could tend to negative the fact of the accident was made, in response to the question whether there was any jerking of the truck, by saying "I did not notice any." The testimony of the other two witnesses could not have reference to what happened when the truck stalled because neither was there. They both testified, however, that they heard claimant, when quitting, say that he was hurt.

As to the second contention, there is no evidence of a prior injury. Dr. A. B. Leeds, witness for employer, and who treated claimant over quite a period beginning June 26, 1945, testified, at hearing held December 10, 1945, that his first examination disclosed muscular spasms in the back which continue to exist on the right side. That the examination further disclosed a glandular trouble which he considered claimant had had for some time. That he treated claimant therefor and was of the opinion that the muscular spasms and pain in the groin were due in large part thereto.

Dr. L. E. Woods, witness called by employer, testified that he saw claimant seven times at intervals from April 16 to May 16, 1945. That there was considerable muscle spasm in the lumbar region which he attributed to a muscle strain. That his examination definitely disclosed that there was then no evidence of any ailment in the glands. This testimony expressly negatives the chronic glandular condition which Dr. Leeds merely inferred from the appearances on his examinations made later. To the extent that the two witnesses testified to the existence of muscular strain their testimony is cor-

roborative of that of the physician who testified for claimant. Neither testified to a fact negativing the correctness of the diagnosis of the existing condition as detailed by claimant's physician and neither was asked to express an opinion concerning any part of said diagnosis, though the same, in writing, had been on file in the case six months. In fact, the correctness thereof is not specifically challenged in the argument.

W. W. Gentry, the employer, testified that when claimant applied for the work he was asked for reference and replied that he had been working on the farm and that some days after the accident witness asked claimant if it was not a fact that he was just out of the penitentiary, and that claimant replied "Yes, sir." When testifying in chief claimant testified that before going to the penitentiary he had lived and worked on a farm. That after getting out of the penitentiary he and his wife and children, on 10th of December, 1944, moved into the dwelling on a farm which he had rented for the year 1945. That he was there at the time he applied for the employment and did so with the intention of earning some money preparatory to active farming work to begin later in the spring.

Assuming for the purpose of argument that claimant purposely withheld knowledge of the fact of his being an ex-convict, such fact would justify only the conclusion that same was done in order to procure the employment. Further than that it could only bear upon his credibility and be pertinent in weighing his testimony in light of all the facts.

I think that the finding of the State Industrial Commission that the accidental personal injury occurred is supported by the preponderance of the evidence, and for that reason the award should be sustained.