**SPARTAN AIRCRAFT COMPANY,**
Petitioner,

v.

**James E. MERCHANT, Commissioner, Preslie H. Brown and the State Industrial Commission, Respondents.**

**No. 36369.**

Supreme Court of Oklahoma.

Oct. 12, 1954.

Covington & Donovan, Tulsa, for petitioner.

Amos Nichols, Hughey Baker, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is a proceeding by Spartan Aircraft Company (own risk) to review an award of the State Industrial Commission awarding compensation to respondent James E. Merchant.

On the 15th day of September, 1953, respondent filed his claim for compensation in which he stated that on July 16, 1953, while in the employ of petitioner he sustained an accidental injury consisting of a strain to his back. The injury occurred while he was engaged in lifting and moving a jig rack onto a floor dolly.

The trial commissioner to whom the case was assigned at the conclusion of the evidence in substance found: On or about July 16, 1953, respondent while in the employ of petitioner sustained an accidental personal injury to his back; that the injury arose out of and in the course of his employment; that as a result of the injury he was temporarily totally disabled from the date of his injury to October 29, 1953, at which time temporary disability ended and for which time he is entitled to recover

compensation in the amount of $396.67, being 14 weeks and one day at $28 per week; that as a further result of his injury he sustained a 25 per cent permanent partial disability to his body as a whole for which he is entitled to recover compensation for 125 weeks at $28 per week or a total sum of $3,500; and upon such findings entered an award in favor of respondent accordingly. The award was modified on appeal to the Commission en banc by reducing disability from 25 per cent to 20 per cent permanent partial disability to the body as a whole. In all other respects the award was affirmed.

Petitioner brings the case here for review and for its vacation relies on the ground that the State Industrial Commission was wholly without authority to make the award and that the award is unconscionable and unjust.

The evidence other than the medical evidence consists of the evidence of respondent who, in substance testified: he sustained an injury to his back in the manner and on the date stated in his claim. The injury occurred while he was engaged in moving and lifting a jig rack weighing about 300 pounds. While he was engaged in moving and lifting the rack he felt a sharp pain in his back and down his left leg. He however continued to work the remainder of the day and returned to work the next morning but was unable to work because of the pain in his back. His condition grew gradually worse and his left leg became numb. The following day, which was Saturday, the pain in his back and leg became very severe. He went to an osteopathic clinic at Tulsa for treatment. He was examined by a doctor at the clinic who took an X-ray of his back and gave him medicine to use for the pain and was advised by the doctor that he had sustained an injured disc.

The following Monday morning he notified petitioner's foreman of his injury and as to his condition. He was directed by the foreman to go to a certain doctor for treatment. He went to the office of the doctor and was there placed in charge of another doctor. He gave a history of the case to the doctor and informed him in that history that he had been examined by a doctor at the osteopathic clinic and the doctor advised him that he had sustained an injured disc. Upon the completion of his examination and examination of X-rays taken of his back the doctor advised him that he was suffering from a minor strain in the lower back and recommended heat treatment for the rest of the week and stated he would then be able to return to work. He took the treatment for several days. His condition gradually became worse and his pain became so severe as to render him almost unconscious. He informed the nurse in charge of his condition and the nurse replied that he should continue taking the heat treatments. He then returned to the clinic at Tulsa and was placed in the hospital and kept under observation for several days and was then advised that an operation was necessary. Several days thereafter he was operated for an injured disc. He was not completely cured by the operation but his condition was greatly improved. He has now more use of his limbs and the pain has ceased. He had never had any previous injury to his back nor had he ever had any trouble with his back prior to the time he sustained his injury of July 16, 1953.

Petitioner in its brief argues that under 85 O.S.1951 § 14, the employer has the right to select the physician to treat an injured workman; that petitioner has tendered respondent treatments by a physician chosen by it and that he refused to continue such treatment but on the contrary selected a physician of his own choosing who examined him and concluded that he was suffering from an injured disc and operated. It is further argued that respondent as a result of the injury did not sustain an injured disc and that any disability he may have was not caused by the accident but was caused by the unnecessary operation and that he cannot therefore recover compensation for such disability.

This contention would be correct if the evidence had conclusively established that the refusal of respondent to continue treatment offered by the physician selected by petitioner was arbitrary and unreasonable, that the operation was unnecessary and the

disability he now has was due to the unnecessary operation. Consolidated Lead & Zinc Co. v. State Industrial Commission, 147 Okl. 83, 295 P. 210, 73 A.L.R. 1298; Chicago Bridge & Iron Works v. Sabin, 105 Okl. 62, 231 P. 851.

We do not however agree that the evidence conclusively shows such state of facts. The medical evidence is in conflict as to the cause and extent of respondent's disability.

The doctor at the clinic in Tulsa made an examination of respondent two days after he sustained his injury. He obtained a history of the case and based on that history and his own examination, including the taking of an X-ray of his back, filed a written report of his findings and conclusions in which he stated that on the 16th day of July 1953, respondent while engaged in lifting a jig rack injured his back and left leg; that he diagnosed his trouble as a herniated intervertebral disc. He recommended an operation. He thereafter and on the 25th day of July, 1953 operated. The operation did not effect a complete cure but respondent was benefited by the operation and his disabilities were greatly reduced, and expressed the opinion that he has a 30 per cent permanent partial disability to the body as a whole. Another physician who examined respondent on November 4, 1953, stated that upon the history of the case obtained from respondent and on his own examination expressed the opinion that respondent as a result of his injury received on July 16, 1953, sustained a ruptured disc and as a result thereof has sustained a 40 per cent permanent partial disability to his body as a whole.

The physician selected by petitioner to treat respondent examined him on July 20, 1953, and filed a written report in the case in which, after stating in detail the conditions found to exist, stated that respondent was suffering from arthritis of long standing which was slightly aggravated by a minor lower back injury which is temporary only. He recommended heat treatments for the rest of the week and stated that in his opinion respondent would then be able to return to his usual duties and further stated that he found no evidence of a ruptured disc and that any disability he may now have was not caused by injury but was due to arthritis. Thereafter and after the operation the doctor examined respondent and filed a supplemental report in which he adhered to the conclusion that respondent had sustained no ruptured disc. He found his condition unchanged except in several minor particulars in which he stated respondent's condition has grown slightly worse and expressed the opinion that such condition was compatible with the progression of the arthritic process or surgical intervention.

This in substance constitutes the medical evidence offered in the case. It will thus be seen that the medical evidence is in conflict as to whether respondent had sustained a ruptured disc as the result of his accident which occurred on July 16, 1953, and as to whether an operation was necessary. We think however the weight of the evidence sustains the contention of respondent that he had sustained an injured disc as the result of his injury and that an operation was necessary and that he has been benefited by the operation.

The Commission found that respondent's disability was due to the accident sustained on June 16, 1953, and there is ample evidence to sustain such finding. We have heretofore held that the question of whether a workman engaged in a hazardous employment actually sustained an accidental personal injury, when one of fact upon which conflicting evidence is presented, the finding of the Commission thereon will be accepted by this court if there is any evidence reasonably tending to support the same. LeFlore-Poteau Coal Co. v. Thurston, 184 Okl. 178, 86 P.2d 284; Sinclair Prairie Oil Co. v. Stevens, 194 Okl. 109, 148 P.2d 176; Gentry v. State Industrial Commission, 202 Okl. 75, 210 P.2d 160; M. & W. Mining Co. v. Lee, 199 Okl. 76, 182 P.2d 759; Oklahoma Furniture Mfg. Co. v. Washington, 180 Okl. 381, 70 P.2d 69.

Award sustained.

JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.