Henry J. SANDERS, Petitioner,

v.

FISCHER CONSTRUCTION COMPANY, Phoenix Insurance Company and the State Industrial Court, Respondents.

No. 40555.

Supreme Court of Oklahoma.

Nov. 17, 1964.

Dick Bell, Seminole, for petitioner.

Looney, Watts, Looney, Nichols & Johnson, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

JACKSON, Justice.

This is an original proceeding brought by Henry J. Sanders, claimant, to review an order denying him an award. On April 24, 1962, claimant filed his first notice of injury and claim for compensation with the State Industrial Court stating that on March 25, 1962, he sustained an accidental injury arising out of and in the course of his employment with Fischer Construction Company when he had a car wreck. Respondent and its insurance carrier filed an answer denying that claimant was injured while in the employment of respondent but was injured while engaged in his personal business wholly unconnected with his duties for respondent. The trial judge denied claimant an award. His order in part is as follows:

"That claimant's injury did not arise out of and in the course of his employ-

ment with the respondent, and claimant's claim should therefore be denied.

"IT IS THEREFORE ORDERED that claimant's claim be denied."

Claimant appealed to the Industrial Court sitting en banc and at the time of his appeal filed a motion to reopen the cause on the ground of newly discovered evidence. The trial judge's order was affirmed.

Claimant's position is "that the State Industrial Court erred in denying an award since there was competent evidence reasonably tending to establish that claimant suffered an accidental personal injury arising out of and in the course of his employment. Further, that the court's refusal to vacate the order of August 6, 1962, and allow claimant to present newly discovered evidence relevant to his claim for compensation constituted an abuse of discretion which was prejudicial to claimant."

The record discloses that respondent, Fischer Construction Company, was in March 1962 engaged in a road paving project at Wewoka, Oklahoma.

Claimant testified that he lived in Seminole, Oklahoma; that in March 1962, he was employed by respondent as a truck mechanic, a truck foreman; that his duties were to "keep up the trucks and make sure they were ready to go at all times;" that his duties called for him to work on Saturdays and Sundays and that he was subject to call at all times; that he had five truck drivers under his supervision and that he had a right to hire and fire truck drivers; that he drove from his home in Seminole to the work site at Wewoka in his personal car; that respondent furnished him gas and oil; that on March 25, 1962, which was a Sunday, he was on his way from his home to Wewoka to check the trucks when he had a car wreck; that he suffered numerous injuries; that he had a few spare parts for the trucks along with cards and time book in his car at the time of the accident; that he didn't say anything to respondent about compensation or medical treatment.

Wallace Sanders testified for claimant. He stated he was claimant's father; that he was hired by respondent as a mechanic, head mechanic; that respondent furnished him a pickup truck, that he carried respondent's tools and equipment in the truck; that when he drove his individual car respondent furnished gas and oil; that he was fired by respondent for being drunk on the job; that he too had a claim pending against respondent for a broken finger.

The facts above stated are a brief summary of claimant's evidence.

Bill Whitnah testified for respondent. He testified he was a superintendent for respondent; that he had hired claimant as a mechanic for respondent; that claimant was not hired as a truck foreman; that respondent did not have a truck foreman; that claimant did not have any control or supervision over the drivers; that Ray Scott supervised and controlled the truck drivers; that Scott was plant foreman; that claimant did not have authority to hire and fire drivers; that claimant worked 40 hours a week, and if he worked any excess hours he had to get permission from Ray Scott; that respondent did not require claimant to come to the job on days that respondent did not work; that he had had two conversations with claimant since the accident; that claimant did not ask for compensation or medical payments; that claimant did not tell him he was hurt on the job; that respondent did not furnish gas and oil for private vehicles; that if claimant got gas and oil, he took the same without authority; that respondent didn't have time sheets on the job but that the bookkeeper, and not claimant, "made out" the time for the workers; that as far as he knew claimant did not have any books or parts in his car at the time of the accident; that nobody worked on the job on Sundays except the night watchman.

Ray Scott testified for respondent. He stated he was the plant foreman; that claimant was a mechanic for respondent; that there was no truck foreman on the job; that claimant worked under his, the

witness' direct supervision and control; that he was the one who told claimant when to come to work and when not to; that he, the witness, controlled the trucks; that if claimant wanted to work on Sunday he would have to clear with witness; that claimant did not work on March 25, 1962; that witness kept the time for the drivers and that witness did the hiring himself of the drivers; that claimant had no authority to hire or fire truckers; that claimant was not furnished any oil and gas in his private car to go to and from Seminole to the job site; that to his knowledge claimant did not have any of respondent's tools in his car at the time of the accident; that claimant never requested compensation or medical treatment from him; that claimant never at any time indicated he had the accident in the course of his employment for respondent.

Gene Hart testified for respondent. He stated that he was respondent's field clerk and time keeper; that he kept the time records for all the employees; that claimant was employed as a truck mechanic; that claimant was not a truck foreman; that claimant did not work on March 25, 1962; that he first learned about the accident when Wallace Sanders, claimant's father, told him; that the father did not indicate that his son, the claimant, was hurt on the job; that he, the witness, saw claimant at claimant's home a few days after the accident and that claimant did not say anything to him about being hurt on the job nor did he ask him to furnish medical treatment or pay compensation; that claimant did have a time book and that claimant turned the truck drivers' time in to him and he in turn made out the time cards.

This is a brief summary of the respondents' evidence.

The testimony is irreconcilably in conflict.

 The State Industrial Court has the power to weigh the evidence and pass upon the credibility of witnesses appearing before it. It is also at liberty to refuse credence to any portion of the testimony deemed unworthy of belief and is not compelled to accord credence to the greater amount of evidence as against the lesser. Rush Implement Co. v. Vaughan, Okl., 386 P.2d 177; Hackley v. Dalles Nursing Home, Okl., 372 P.2d 586. It is not restricted or confined to the proof elicited by the claimant but may consider the record in its totality. Hill v. Culligan Soft Water Service Co., Okl., 386 P.2d 1018; Black, Sivalls & Bryson, Inc. v. Story, Okl., 378 P.2d 764. And where an accidental injury is an issue and the evidence thereon is in conflict the State Industrial Court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Hackley v. Dalles Nursing Home, supra; Hanes v. Magnolia Pipe Line Co., 194 Okl. 657, 154 P.2d 53.

Claimant, by the argument contained in his brief, in essence would have this Court weigh the evidence, disregard the testimony adduced by respondent and find that claimant was in the course of his employment at the time of the accident.

██ ██ We have repeatedly said we will not review conflicting evidence on nonjurisdictional questions to determine the weight and value thereof and it is neither the province nor the duty of this Court to interfere with the order of the State Industrial Court where it is based upon competent evidence. Anderson v. Bills Bakeries, Inc., Okl., 393 P.2d 524; Socony Mobil Oil Co., Inc. v. Cox, Okl., 372 P.2d 8.

We hold there is competent evidence in the record to support the finding of the lower tribunal that the injury sustained by claimant did not arise out of and in the course of his employment with respondent.

██ Claimant urges that the action of the Industrial Court was arbitrary "in refusing his motion to vacate the order and remand the cause" for further testimony and that "the record does not reflect that any formal consideration was given this motion."

In the case of Hawkins v. Oklahoma Scrap Paper Company, Okl., 389 P.2d 513, the petitioner therein complained of never having had a hearing before, or determination by the Industrial Court en banc on her motion to vacate and remand on the ground of newly discovered evidence. In that case, as the one at bar the record revealed that oral argument was had before the Industrial Court en banc; there, as here, no one represented that both the motion and affidavit were not before the court at the time of said hearing on appeal or that the petitioner's attorney was remiss in not calling the court's attention to them at the time, or that the court did not, in fact, consider them. Petitioner's attorney there, as here, said only that the transcript did not show that they were considered. In that case we held that under the circumstances and in view of the fact that claimant's predication of error proceeded from the court en banc *"refusing* to reopen the case and grant petitioner the right to introduce further evidence" rather than said court's *failure to rule* on her motion, that the order of the court en banc affirming the trial judge's order must be deemed an adverse ruling on said motion.

■ In the instant case the affidavit attached to claimant's motion to remand was before the court sitting en banc. When the court en banc affirmed the order of the trial judge we can only conclude under the circumstances that the offer of newly discovered evidence was not sufficient to remand the cause for further hearing. Having carefully considered the affidavit in support of motion to reopen we conclude that the lower court did not abuse its discretion in overruling claimant's motion.

Since our review of the record, and the arguments of claimant, have demonstrated no valid cause for disturbing the order of the Industrial Court, the same is hereby sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ. concur.