## CAPSHAW v. LAWSON et al.

### No. 31468. May 29, 1944.

*149 P. 2d 333.*

Williams & Teague, of Oklahoma City, for petitioner.

Arrington & Miller and Shelton Skinner, all of Shawnee, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On April 3, 1941, Harold S. Capshaw, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on December 9, 1940, he sustained an accidental injury arising out of and in the course of his employment with James Lawson and Tena Lawson, doing business as Shawnee Bedding Company, hereinafter called respondent, when he fell from a truck. The respondent denied the accident and denied that there was any disability as the result of the accidental injury, and after a complete hearing before a single commissioner, the commissioner, on January 9, 1943, entered an award. On appeal the State Industrial Commission en banc entered the following order:

"Now on this 17th day of May, 1943, the State Industrial Commission being regularly in session, this cause on for consideration pursuant to appeal from the order of Chairman Lawrence E. Beattie, Trial Commissioner, to the Commission en banc as provided by title 85, Section 77, Session Laws 1941, and it appearing that said appeal was duly and regularly presented and heard and oral argument had by all the interested parties before Chairman Vancil K. Greer, Commissioner H. H. Cook and Commissioner Weldon Ferris, sitting as the Commission en banc, and the Commission, after a full review and. consideration of the order made and entered in this cause by Chairman Lawrence E. Beattie, on January 9th, 1943, together with all records on file in this cause and after presentation of said cause by oral argument. finds:

"Said order should be and hereby is reversed, vacated and set aside and that compensation in this cause be and is hereby denied."

The evidence discloses that the respondent was engaged in the manufacture of bedding material. The evidence of the claimant discloses that on the 19th day of December, 1940, he fell from a truck in which cotton was being hauled and sustained an accidental injury and that this injury lighted up a prior epileptic condition. The evidence of respondent tends to deny that there was any accidental injury on the 19th day of December, 1940, and the medical testimony offered by respondent tends reasonably to disclose that any disability that claimant has is a result of a confirmed pre-existing epileptic condition.

It is first claimed that the evidence is undisputed that claimant sustained an accidental injury. The uncontradicted

evidence tends to establish that there was an accident. The question, then, is whether there is a disability as a result of the accident, and that question is one of fact to be determined by the State Industrial Commission. Accidental injury in its broadest sense under the Workmen's Compensation Law (85 O. S. 1941 § 1 et seq.) means the disability resulting from an accidental injury for which compensation should be paid. Souder v. Mid-Continent Petroleum Corporation, 187 Okla. 698, 105 P. 2d 750. This court has repeatedly held that the cause and extent of a disability resulting from an accidental injury are questions of fact, and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission, an order or award based thereon will not be disturbed on review. Souder v. Mid-Continent Petroleum Corporation, supra; Rose v. Champlin Refining Co., 184 Okla. 203, 86 P. 2d 317.

The final argument presented by the claimant is that the order made by the State Industrial Commission sitting en banc is improper, and that it should have included a specific finding of fact as to whether there was an accidental injury, or as to whether there was any disability resulting from the accidental injury. In Banning v. Peru-Laclede Syndicate, 179 Okla. 382, 65 P. 2d 976, we held that when the State Industrial Commission conducted a complete hearing and made or denied an award, it had performed its duty. See, also, Johnson v. Ben Franklin Refining Co., 194 Okla. 347, 151 P. 2d 428. In Amerada Pet. Corp. v. Hester, 188 Okla. 394, 109 P. 2d 820, we held that on an appeal from the order of a single commissioner it is the duty of the State Industrial Commission sitting en banc to conduct a hearing and review the record presented on appeal and make or deny an award. A full and complete hearing and an oral argument on the same was granted on appeal to the State Industrial Commission en banc from the order of the single commissioner in the case at bar. We hold that having grant-

ed the oral argument and conducted the complete hearing on the record, the order last above entered represents the denial of an award within the contemplation of 85 O. S. 1941 § 77, governing appeals from the order or award of a single commissioner, and that said order is in substantial compliance with the above provision.

The order denying the award is sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, BAYLESS, HURST, and ARNOLD, JJ., concur.