McCARTHY v. FORBES PAINTING & DECORATING CO. et al.

No. 33027.   Sept. 28, 1948.

*198 P. 2d 212.*

Davis & Pugh, of Oklahoma City, for petitioner.

Cheek, Cheek & Cheek, Ray Teague, Mont R. Powell, and Don Anderson, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J.  This is an original proceeding brought by petitioner, J. Van McCarthy, to review an order of the State Industrial Commission denying compensation.

Petitioner on the 26th day of July, 1946, filed a claim with the State Industrial Commission for compensation against Forbes Painting & Decorating Company, hereinafter referred to as respondent, and Special Indemnity Fund.

Petitioner in support of his claim, in substance, testified that on the 9th day of July, 1946, while in the employ of the respondent he received an injury to his right arm consisting of a broken arm; that he was employed by respondent on the morning of July 9, 1946, as a spray painter; that he started to work early that morning; that after working a short time, R. T. Forbes, foreman of respondent, assaulted him with a paint paddle;  that he struck him on his shoulder and arm and as a result thereof his right arm was broken.  The assault was unprovoked.  Mr. Forbes was a very nervous individual.  The assault occurred in the following manner: While he was engaged in his work Mr. Forbes passed by him, he then inquired of Forbes as to whether he might ask a few questions pertaining to the work. Mr. Forbes responded that he could if he did not get on his nerves, to which petitioner replied, "If I do I will go to town."  Mr. Forbes stated, "If you don't go I will kick you off," and immediately started striking him.  In this respect petitioner is corroborated by several other witnesses.  Petitioner further testified that prior to sustaining his present injury, he was a physically impaired person in that as a result of a prior accident he sustained an injury to his left hand which resulted in a partial loss of the use of the hand.

Respondent in its testimony concedes that an altercation took place between Mr. Forbes and petitioner on the morning of July 9, 1946.  It is, however, contended by respondent that Mr. Forbes struck petitioner in self-defense. It further contends that petitioner was not then and never had been in its employ. In this respect Mr. Forbes testified that petitioner had never been employed by respondent; that he called upon him that morning seeking employment, but that he was not employed.  He further testified that during the conversation petitioner became offended and approached him with an object in his hand as though to assault him and that he then struck petitioner in self-defense.

The trial commissioner found in favor of petitioner and awarded compensation in his favor against respondent and Special Indemnity Fund.

The award was vacated on appeal to the commission en banc. The commission found:

"That said order should be and is hereby reversed and denied, in that there is not sufficient evidence to establish an accidental personal injury arising out of and in the course of claimant's employment by the respondent and the same is made the order of this commission on appeal herein."

Petitioner contends that the above finding and conclusion of the commission is too indefinite and uncertain for judicial interpretation and that the order therefore should be vacated. With this contention we agree. We have on different occasions held that it is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying compensation, and that where the findings of fact and conclusions of law of the commission are too indefinite and uncertain for judicial interpretation an order based thereon will be vacated on appeal. Corzine v. Traders Compress, 196 Okla. 259, 164 P. 2d 625; Skelly Oil Co. v. Witty, 198 Okla. 384, 179 P. 2d 119; Adams v. City of Anadarko, 198 Okla. 484, 180 P. 2d 159.

In the Corzine case, supra, in discussing a finding similar to the finding in the instant case, we said:

"We are unable to determine whether the commission intended to find and hold that the accident testified to by claimant did not occur, or whether it intended to hold that claimant did not receive a compensable injury by reason of such accident, and that the disability which he claims he subsequently suffered did not result therefrom, or whether the commission intended to find that the accident did occur and resulted in disability, but that same did not arise out of and in the course of the workman's employment."

What is there said applies here.

The findings and conclusions of the commission are too indefinite and uncertain for judicial interpretation.

Order vacated, with directions to proceed in accordance with the views herein expressed.

RILEY, BAYLESS, WELCH, and LUTTRELL, JJ., concur. HURST, C.J., and GIBSON and ARNOLD, JJ., dissent.