## GARRETT v. BOARD OF COUNTY COM'RS OF CADDO COUNTY et al.

### No. 34563.    Oct. 17, 1950.

### 223 P. 2d 368.

J. W. Murphy and John F. Booth, Jr., both of Oklahoma City, for petitioner.

Mont R. Powell and Anthony R. Kane, both of Oklahoma City, for respondents Board of County Commissioners of Caddo County and State Insurance Fund.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

ARNOLD, V. C. J.    This is an original action in this court to review and vacate an order of the State Industrial Commission denying compensation because, as found by the commission, "the weight of the evidence shows that any disability claimant may now be suffering from is not the result of the alleged accidental personal injury of July 28, 1949, while in the employment of the respondent herein."

The record and the evidence conclusively establishes that on March 11, 1940, while employed by the State Highway Department, petitioner claimant sustained an accidental injury to his back and left hip; that he was treated and operated in May, 1940, fusing the lumbo-sacral and left sacro-iliac joints; that the claim based on that injury was settled with the approval of the commission for the sum of $2,700; that this claim was reopened on the ground of change in condition and upon subsequent hearing thereon the commission found that claimant was permanently and totally disabled and awarded compensation on that basis; that following that order, on January 14, 1943, the commission approved a joint petition and the amount thereof, $2,750, was paid in final settlement of this claim; petitioner returned to work at hard labor, which he was able to and did perform in the usual and ordinary manner without pain and discomfort from the foregoing injury; that on October 14, 1948, while employed in a gin, he received another injury to his left hip; the commission approved a joint petition in January, 1949, settling the claim based on this injury; again petitioner returned to hard labor, which he performed in the usual manner; on July 28, 1949, while working for the county commissioners of Caddo county, petitioner claimant was assisting in putting a brige piling, weighing some 3,500 pounds, in a hole at an angle; the piling slid past the hole when it was dropped by the winch, and petitioner got upon the back end of the truck, took hold of the piling on the underneath side, and lifted it on his shoulder; while so doing he suffered a strain and resulting pain; he was instructed by his foreman to report, and he did report, to a doctor for treatment; this doctor put him in the hospital and in traction; he remained in the hospital for almost a month; at the time of the hearing he was still under the doctor's care and unable to work.

To the claim of petitioner based on the latter injury the respondents answered denying that claimant sustained an accidental injury which produced any disability.

In the face of the foregoing facts, conclusively established by medical and other testimony, the commission denied compensation for the reason hereinbefore indicated.

It was the theory of respondents, before the commission and here, that the disability suffered by claimant after the latter injury, if any, was the result of recurring former injuries. The cases cited in support of their contention are not in point for the obvious reason that a compensable disability exists here by reason of the latter injury. The only testimony introduced by the respondents was medical testimony, and it conclusively establishes the fact that while the latter injury may have been entirely to portions of the body theretofore injured, it directly resulted in at least temporary total disability beyond the five-day waiting period prescribed by statute.

The record and the evidence conclusively establishes that an accident covered by the Workmen's Compensation Law occurred and that disability to perform ordinary manual labor for more than five days resulted therefrom, and claimant was entitled to an award for compensation.

Order vacated for further proceedings in conformity with the views herein expressed.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.