STICKNEY v. SUTTLE et al.

No. 34070. Dec. 19, 1950.

*225 P. 2d 799.*

Geo. W. Moser, of Comanche, for petitioner.

Pierce, Rucker, Mock, Tabor & Duncan and Odes Harwood, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J. One Suttle, an injured employee, was granted an award under the Workmen's Compensation Law. In connection therewith Dr. Stickney submitted to the Industrial Commission his claim for medical and nursing services rendered Mr. Suttle in the aggregate sum of $690. The commission allowed the claim in the sum of $500. From that action the doctor prosecutes this review.

In this matter the commission acted pursuant to statute 85 O. S. 1941 §14, which provides in part as follows:

". . . Whoever renders medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, or emergency treatment, shall submit the reasonableness of the charges to the State Industrial Commission for its approval and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured person, and when so approved shall be enforcible by the Commission in the same manner as provided in this Act, for the enforcement of compensation payment; . . ."

In this case we are impressed with the contention that the finding and judgment, which in effect disallowed the claim to the extent of $190 thereof, was not supported by the evidence or by any finding of fact by the commission.

The doctor's claim consisted of a large number of items for medical services, office visits, hospital visits, surgical services, and costs of drugs, dressings, therapeutic appliances and the like. The objection thereto made by the employer and insurance carrier was in very general terms, being merely a statement in effect that there was no objection to paying the doctor, but an objection to paying as much as his aggregate claim. There was no specific objection to any of the numerous items.

As to the evidence, the doctor testified generally that the charges were correct and were such charges as prevailed in the same community for similar treatment to other patients. There was no cross-examination of the doctor as to any specific items of the claim. There was neither evidence nor cross-examination as to whether any or either item was a necessary and proper service, or whether the charge for any or either item was excessive.

The finding was a general one and merely stated the conclusion that the sum of $500 was a fair and reasonable charge for the aggregate services rendered. There is nothing in either the evidence or the findings to indicate whether one or more of the items was disallowed in full or which of the numerous items were reduced in amount the findings of the trial commissioner which was later affirmed generally by the commission.

Therefore, it is not possible to grant or make the review of the action of the commission which is contemplated in this court.

We must therefore reverse the order and remand the cause with directions for further proceedings before the Industrial Commission. The doctor's claim should be allowed in full unless the employer and insurance carrier de-

sire to protest the same, or unless the commission, on its own motion, desires to interrogate the doctor or other witnesses as to the various items of the claim. If the employer or insurance carrier desires to protest there should be definite indication as to which items are protested and whether the said items are protested in full or in part. Upon conclusion of the hearing the commission should indicate in its findings which of the items, if any, are disallowed in whole or in part, and which of the items, if any, are allowed in full. Then either party desiring a review could present in this court the exact detail of complaint, and from such a record complete review could be here made.

The only matter involved in this proceeding is the commission's action on the doctor's claim, and for insufficiency of the record, as stated above, the order of the commission allowing the doctor's claim in part and disallowing it in part is reversed, and the cause is remanded to the Industrial Commission for further proceeding consistent with the views herein expressed.

ARNOLD, V.C.J., and CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. DAVISON, C.J., and O'NEAL, J., dissent.

DAVISON, C. J. (dissenting). I am of the opinion that the order of the commission should have been sustained.

85 O.S. 1941 §14 provides that when a claim for medical and nursing services is submitted, it is the duty of the Industrial Commission to approve the same in reasonable and proper manner.

Under the above-cited act the commission has the right to determine the reasonableness of the charges. The Legislature wisely placed this duty on the commission, no doubt having in mind the fact the commissioners are called upon in most every case to study and determine the reasonableness of medical bills. The commissioners are experienced in the determination of proper medical charges.

The question of the reasonableness of the bill was first considered by a trial commissioner, who found that $500 was a fair and reasonable charge and on appeal from such finding and order the commission en banc, after considering the charges, found that the sum of $500 was a fair and reasonable charge for the aggregate services rendered.

Under the record I cannot see where the commission acted unreasonable in fixing the amount allowed. I think the question is one of fact upon which the order of the commission should be final, if supported by competent proof. The record does not indicate that the commission was guilty of any abuse of discretion.

I therefore respectfully dissent.

Mr. Justice O'NEAL authorized me to state that he concurs in the above view.