Ella PARVIN, Petitioner,

v.

JAYS ELECTRIC SERVICE, Utilities Insurance Company and the State Industrial Commission, Respondents.

No. 37072.

Supreme Court of Oklahoma.

April 9, 1957.

Robert N. Woodard, Perry H. Winn, Oklahoma City, for petitioner.

Pierce, Mock & Duncan and George F. Short, II, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Ella Parvin, hereinafter called claimant, filed her claim on April 20, 1955, stating that she sustained an accidental injury arising out of and in the course of her employment with Jays Electric Service on April 6, 1954. The employer and the insurance carrier, Utilities Insurance Company, hereinafter called respondents, filed their answer denying that claimant sustained an accidental personal injury while in the employ of respondents, or arising therefrom, and plead the statute of limitations.

After hearing the testimony the trial judge found:

"1. That the evidence does not substantiate claimant's claim of accidental injury alleged to have occurred on April 6, 1954, while in the employ of respondent.

"2. That claimant lost no compensable time by reason of an injury and has no permanent partial disability resulting from an injury."

Claimant appealed to the Commission en banc and after a review of the record the Commission en banc modified the order of trial judge by striking out findings of fact No. 1 and 2 and substituted the following therefor:

"1. That the claimant did not sustain an accidental personal injury arising out of nor in the course of her employment on April 6, 1954, nor any other date to give the Commission jurisdiction of said cause.

"2. That the statute of limitations has run on said claimant's claim if she did sustain an accidental personal injury."

■ In this action to review the order denying the award claimant presents her argument under four propositions. Her first proposition is that the order of the Commission en banc is too indefinite and uncertain for judicial interpretation, citing De Vore v. Maidt Plastering Co., 205 Okl. 612, 239 P.2d 520; Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625; Morgan v. Cunningham, Okl., 288 P.2d 410; and Eagle-Picher Mining & Smelting Co. v. Davison, 192 Okl. 13, 132 P.2d 937.

In argument claimant states that she is unable to determine whether the Commission intended to find (1) that the accident did not occur; or (2) whether it intended to hold claimant did not receive a compensable injury and that her claimed disability did not result therefrom; or (3) whether it intended to find that the accident did occur and resulted in disability, but that same did not arise out of and in the course of claimant's employment.

From our examination of the record we are of the opinion that the Commission intended to find, and did find, that claimant's disability did not result from an accidental injury.

It was stipulated that claimant was in the employment of respondents on April 6, 1954, and that her employment came under the provisions of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq.

Claimant testified that on April 6, 1954, her spool of electric wire, weighing ap-

proximately 70 pounds, fell from her workbench to the floor and when she picked it up she got a catch in her back. She further testified as follows: "I just merely said I had a catch in my back in pulling those spools over." This statement was made a few days after the alleged injury. At first she thought her trouble was coming from walking on the cement floors and tried changing shoes. When that didn't help she went to her family doctor. She felt that her pains in her hip, ankle and back developed gradually. That she talked to her employer, J. E. Pipher, after her family doctor had suggested that she should, and testified that her employer "didn't just exactly send me to Dr. R but he suggested that Dr. R would be a good doctor."

Claimant's employer, J. E. Pipher, testified that claimant told him she was down in her back and legs. He could not remember when he first learned of her back condition. However, she did not immediately tell him that she was hurt on the job. When she first talked to him about her back he told claimant that he did not believe her condition would qualify for compensation under the Workmen's Compensation Act. His testimony does not reveal why he reached that conclusion. About July 1, 1954, Pipher told claimant that if he had something wrong with his back that he believed he would go to an Osteopath. She went to Dr. R on July 3, 1954.

The shop foreman learned that claimant was having back trouble when she asked him to have someone start moving the spools of wire for her. He didn't see her pick up the spool of wire and does not recall whether she ever reported the incident to him or not.

The foregoing is, in substance, the testimony of lay witnesses in the record. The medical testimony is to the effect that claimant had a sciatic radiation into the left hip and leg to the ankle and had a 20% permanent partial disability to the body as a whole.

The findings of the Commission, viewed in light of the testimony, leads to the conclusion that the Commission found that claimant did not sustain an injury in lifting a spool of wire on April 6, 1954, or at any other time.

■ Claimant complains that she cannot tell whether the Commission denied her claim because she did not sustain an accidental injury, or because her claim was barred by the statute of limitations. We are of the opinion that the Commission denied her claim because she did not receive an accidental injury and also found, as shown in the second paragraph of their findings, that her alleged claim was barred by the statute of limitations. We do not think the statement " * * * *if* she did sustain an accidental personal injury", in the second paragraph of their findings, destroys the positive finding of no accidental personal injury as set forth in the first paragraph of their findings. It may be that the Commission en banc had no lawful right to determine the question of limitations without giving claimant a right to be heard on that question. However, since the first pararaph of the order is supported by the evidence, we are under duty to approve it. New York Indemnity Ins. Co. v. Ferrell, 142 Okl. 235, 286 P. 314.

The next assignment of error is that the Commission en banc erred by trying the case de novo on appeal. We do not find that the Commission considered any evidence other than as reflected by the record from the trial judge.

■ Claimant's third proposition is that the statute of limitations goes to the jurisdiction of the Commission and will be reviewed independently by this court on appeal. While this appears to be a correct statement of the law, we do not find that limitations is the decisive issue in this case.

■■ It is finally urged that the order of the Commission en banc is arbitrary and contrary to the evidence. As heretofore shown, we have examined the record

and find that the order is reasonably supported by the evidence.

The order of the Commission en banc in finding that claimant did not sustain an accidental personal injury arising out of nor in the course of her employment is sustained.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON and BLACKBIRD, JJ., concur.

WILLIAMS, J., dissents.