**H. M. DALE, Petitioner,**

v.

**MIKE CAMPBELL CONSTRUCTION COMPANY, Tri-State Insurance Company, a Corporation, and the State Industrial Commission, Respondents.**

No. 38377.

Supreme Court of Oklahoma.

Feb. 10, 1959.

Richard Dillon, Tulsa, for petitioner.

J. I. Gibson (of Savage, Gibson, Benefield & Shelton), Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

H. M. Dale, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on July 29, 1957, he sustained an accidental injury arising out of and in the course of his employment with Mike Campbell Construction Company, employer. The State Industrial Commission denied an award and this proceeding is brought by claimant against the employer and its insurance carrier, hereinafter called respondents, to review the order denying the award.

The record discloses that claimant was employed as a structural iron worker by the employer. On the date of the claimed accidental injury he was welding gratings to sheet metal. He testified he had been in the transformer vault which was underground where he did some work and then transferred to a second vault where he did additional work. It was hot in these

vaults. The vaults were ventilated by one manhole. The temperature was above one hundred degrees. After he had completed the work in these vaults he began work on the outside welding the sheet metal. He stooped over during the work and was unable to arise. He fell to the ground from exhaustion from the heat or from a heart attack. He was taken to the hospital where he remained for eleven days.

Two physicians filed reports and one testified by deposition in the hearings. Dr. R filed a report for claimant, gave the history which does not differ substantially from the above recitation of the testimony of claimant and in his testimony stated:

"* * * It is possible that the circumstances attending his work at the time that the 'heart attack' occurred acted as a precipitating factor in the attack."

The physician stated that claimant is totally and permanently disabled insofar as hard labor is concerned; that his physical activity need not be restricted, but that he should not perform unusual or severe physical activity.

Dr. C filed three reports for respondents. In his first report he stated claimant gave a history of discomfort in the nose and throat and also discomfort in the left shoulder so that claimant had to lie down after the accidental injury; that claimant had a stomach upset but no vomiting and later milder spells of stomach upsets and chest discomfort. This doctor found no evidence of heart ailment. In his second report Dr. C stated on examination he found no indication of permanent heart damage. The third report of Dr. C was to the effect that the doctor was of the opinion the chest pains of claimant were not related to the work performed.

Dr. H, who testified by deposition, described himself as the family physician of claimant. He stated he had treated claimant for pleurisy and chest pains prior to July 29, 1957. This physician made an electrocardiogram after the accident of July 29, 1957, and found claimant's heart condition normal.

■ Claimant presents the single issue that the State Industrial Commission erred as a matter of law in finding he did not sustain an accidental injury. Claimant directs our attention to certain language in the second report of Dr. C to the effect that claimant may well have sustained a heart attack while at his work. When the entire statement of the doctor is read it is inconclusive of any disability caused by claimant's work. The question presented was one to be determined from the testimony of medical experts. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094.

This Court has many times held that in such cases the cause and extent of disability is a question of fact and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission it will not be disturbed on review. Price v. Spartan Aircraft Co., Okl., 275 P.2d 705; Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199; Skaggs v. M. & W. Mining Co., 195 Okl. 423, 158 P.2d 722.

Claimant cites certain cases in which this Court has sustained an award for heart attack. These cases include Carden Mining & Milling Co. v. Yost, 193 Okl. 423, 144 P.2d 969; Clarksburg Paper Co. v. Roper, 196 Okl. 504, 166 P.2d 425, wherein it was held there was competent evidence to support an award for disability resulting from a heart condition.

In Skaggs v. M. & W. Mining Co., supra, it is stated [195 Okl. 423, 158 P.2d 723]:

"* * * Petitioner relies upon the rule that where there is sufficient evidence to support an award it will be sustained. As stated in Kemp v. Comar Oil Co., 185 Okl. 527, 94 P.2d 882, obviously such a rule has no application to situations where the fact has been resolved against the claimant as in the case at bar. * * *."

See, also, Turner v. State Industrial Commission, 174 Okl. 486, 50 P.2d 668; Hollis v. Mid-Continent Petroleum Corp., 174 Okl. 544, 51 P.2d 498; Roberts v. Magnolia

Petroleum Co., 201 Okl. 370, 205 P.2d 1160; McDaniel v. Douglas Aircraft Co., Inc., 200 Okl. 221, 192 P.2d 651; Powell v. State Industrial Commission, 208 Okl. 281, 255 P.2d 493.

█ In Riley v. Clark Brothers Well Service Co., Okl., 321 P.2d 956, 959, we held:

"Findings of fact made by the State Industrial Commission are conclusive and binding upon this court, where there is any competent evidence reasonably tending to support such findings."

█ There is competent evidence reasonably tending to support the order denying the award.

Order sustained.