George M. BECK, Petitioner,

v.

J. B. CUPPY FREIGHT LINES, Hartford Accident and Indemnity Company and the State Industrial Commission, Respondents.

No. 38351.

Supreme Court of Oklahoma.

May 12, 1959.

Rehearing Denied July 21, 1959.

As Amended July 22, 1959.

Application for Leave to File Second Petition for Rehearing Denied Oct. 20, 1959.

Paul Pugh, Oklahoma City, for petitioner.

John B. McCaleb, Fenton &· Fenton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

George M. Beck, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by J. B. Cuppy Freight Lines he sustained an accidental injury arising out of and in the course of his employment on July 7, 1957. This claim was amended to show the date of the injury as July 19, 1957. The State Industrial Commission denied an award, and this proceeding is brought by claimant against the employer and its insurance carrier, Hartford Accident and Indemnity Company, to review the order denying the award.

The record discloses that on July 19, 1957, claimant was driving a truck belonging to the employer when it collided with a farm truck. Claimant testified that he hurt his chest and also felt some pain in his groin directly after the accident. He went to see a doctor on the following Monday. The accident occurred on Friday. Approximately a month after the accident an umbilical hernia, which existed prior to July 18, 1957, became enlarged and a new left inguinal hernia developed. He was sent to a hospital where x-rays were made. On August 16, 1957, he entered Veterans' Hospital at Oklahoma City, and on August 23, 1957, he was operated on for both hernias. He did not know he had the inguinal hernia until he entered Veterans' Hospital. He was discharged from the hospital September 30, 1957.

The order denying an award is as follows:

"Now, on this 6th Day of May, 1958, the State Industrial Commission being in session, the above entitled cause comes on for consideration before Judge Hargrave; at which time claimant appeared in person and by his attorney; Paul Pugh, and the respondent and its insurance carrier appeared by their attorney, John McCaleb, and the Trial Judge, after considering the evidence, files and records and being fully advised in the premises, finds:

"That claimant did not sustain an accidental injury, arising out of and in the course of his employment with said respondent, therefore, his claim for compensation is hereby denied.

"It is therefore ordered that Claimant's claim for compensation is hereby denied."

It is first argued that the order denying the award ignores the undisputed evidence that claimant sustained an accidental injury. Claimant cites Garrett v. Board of County Com'rs of Caddo County, 203 Okl. 487, 223 P.2d 368; Stickney v. Suttle, 203 Okl. 668, 225 P.2d 799; and Four States Oil & Gas Company v. Brecht, Okl., 290 P.2d 422. These cases are not in point. The first case holds the undisputed evidence established an accidental injury and resulting disability. Stickney v. Suttle, supra, held the State Industrial Commission could not reduce a reasonable medical claim without evidence to support the order; and in Four States Oil & Gas Company v. Brecht, supra, an award for hernia was vacated because there was no medical evidence to support it. Although it was agreed there was an accident on July 19, 1957, the only evidence of any injury was the testimony of claimant that he hurt his chest and was feeling pain in his groin directly after the accident. It is admitted that the chest injury cleared up and he lost no time from his work because of the chest injury.

In Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625, 626, it is stated:

"* * * The mere happening of the accident would not, in itself, require an award to claimant. The award is made for disability due to an injury resulting from the accident.

85 O.S.1941, § 11; Eagle-Picher Mining & Smelting Co. v. Davison, 192 Okl. 13, 132 P.2d 937."

Claimant argues the order is too indefinite and uncertain for judicial interpretation and cites McCarthy v. Forbes Painting & Decorating Co., 200 Okl. 555, 198 P.2d 212; Orman v. Capitol Steel & Iron Co., Okl., 289 P.2d 375, and related cases. These cases are not applicable. The cases applicable are: Souder v. Mid-Continent Petroleum Corp., 187 Okl. 698, 105 P.2d 750; and Parvin v. Jays Electric Service, Okl., 309 P.2d 1067. In Souder v. Mid-Continent Petroleum Corp., supra, it is stated:

"* * * It is not our understanding that the State Industrial Commission found that the petitioner did not happen to an accident on the 30th day of May, 1938. Section 13349 O. S.1931, 85 Okl.St.Ann. § 2, has a definite meaning. It includes the disability resulting from the injury, which is the only thing for which the State Industrial Commission is authorized to make an award. * * *"

The medical evidence as to the cause of the condition due to the hernias is in conflict. One doctor testified that in his opinion the accidental injury caused the condition of the hernias. The other doctors either stated they did not know the cause of the condition resulting from the hernias or stated that the accident of July 19, 1957, did not cause the hernia condition. It is admitted that a hernia caused by an accidental injury arising out of and in the course of the employment is compensable by the specific provisions of 85 O.S.1951 § 22, as amended. The sole issue before the State Industrial Commission was whether the hernias were a result of the accident that occurred on July 19, 1957. The finding is not too indefinite and uncertain for judicial interpretation. It is supported by the evidence.

In Parvin v. Jays Electric Service, supra, it is stated:

"Where the State Industrial Commission finds that claimant did not sustain an accidental personal injury arising out of nor in the course of her employment, and from an examination of the record it reasonably appears that claimant's disability did not result from an accidental injury, the findings of the Commission and the order based thereon will not be set aside as being too indefinite for judicial interpretation."

The order denying the award is sustained.

DAVISON, C. J., and WELCH, HALLEY, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., dissents.