**A. L. CRANFILL, Petitioner,**

v.

**J. G. BEARD ESTATE, Continental Casualty Company and State Industrial Commission, Respondents.**

No. 38518.

Supreme Court of Oklahoma.

Oct. 20, 1959.

Rehearing Denied Jan. 19, 1960.

George W. Moser, Comanche, Paul Pugh, Oklahoma City, on the brief, for petitioner.

Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

On October 29, 1957, A. L. Cranfill, hereinafter referred to as claimant filed a claim for compensation against the J. G. Beard Estate and Continental Casualty Company, hereinafter referred to as respondents, stating that on September 10, 1957, while in the employ of the J. G. Beard Estate, he sustained an accidental injury consisting of an injury to his intestines causing some permanent disability; that the injury received by him arose out of and in the course of his employment while he was engaged in lifting a ten gallon can of pretlite chemical.

Thereafter on January 27, 1958, claimant filed an amended claim making Brown and Connally, partners; Brown and Frensley, partners; E. E. Lantz and the State Insurance Fund additional parties. J. G. Beard Estate and its insurance carrier filed a joint answer to the claimant's claim consisting of a general denial and an affirmative plea that the condition which claimant allegedly is suffering from is a condition of health rather than an accidental injury and not compensable under the Workmen's Compensation Law.

At the hearing respondents denied that claimant sustained an accidental injury in the course of his employment.

It was stipulated that claimant was an oil pumper, being a part time employee of several different operators; that he received wages from the various operators for whom he worked, including $100 per month from the J. G. Beard Estate; that at the

time he sustained his injury he was working on the J. G. Beard Estate lease. Upon this stipulation, the trial judge dismissed the claim as to all parties respondent except the J. G. Beard Estate and the Continental Casualty Company.

Claimant testified in substance that on September 10, 1957, while at the J. G. Beard Estate lease he attempted to lift a ten gallon can filled with pretlite chemical and when he picked it up he felt a pain in his stomach. He was unable to continue the work on the J. G. Beard Estate lease and drove to another lease. That the pain became so severe he became nauseated and was unable to complete his work on that lease. He rested in a pick up truck and then drove to another lease and requested a Mr. McGowan to notify Mr. Beard of his injury and to take him to a doctor. Claimant was taken to the office of Dr. S. in Comanche and was then placed in a local hospital. That night he was transferred to the Veterans Hospital, Oklahoma City, where surgery was performed September 12, 1957. He was in and out of the hospital until his last discharge on February 22, 1958. He further testified he is still under the care of a doctor; that he has never had a claim before the Commission; that he drew service connected disability from the Veterans Administration until after the operation at which time such payments were discontinued. He also testified that he developed a heart condition immediately after the first operation; that he is still taking medication and his doctor has not released him for work. There were placed in evidence two medical statements of Dr. S. and the report of hospitalization of the Veterans Administration Hospital. Dr. S. states the claimant is 100% disabled and that his disability was caused by the injury on September 10, 1957, or as a direct result of surgery that was performed to correct the effects of his injury; that he has a ventral incisional hernia and that in his opinion the heart condition is directly traceable to the episode immediately following the corrective surgery.

With reference to operative procedure of the Veterans Administration Hospital the report states:

"* * * On 9–13–57 the patient was taken to surgery where there was marked distention of the cecum and descending colon in the region of the hypatic flexure was found. A volvulus was released in this area, and an adhesive band overlying the lateral gutter was broken with the hand. There was also an adhesive band running from the omentum to the left side of the pelvic region which was cut and there were two sections of small bowel approximately 12 inches in length which has the blood supply embarrassed, which subsequently regained its normal color * * *"

* * * * * *

"Diagnosis: 1. Adhesions, internal, due to infection with intestinal obstruction.

"2. Deverticulosis of colon."

The claimant was examined by Dr. B. who in his report stated:

"* * * The status of the abdomen is now the same as before the acute episode of 9–10–57. This patient is unable to do heavy work, and probably should not do heavy work for the rest of his life, on a basis of his coronary heart disease, which originated, according to the history given by the patient, on 11–8–57, and which has no relation to the episode of 9–10–57. * *

"I feel that this patient has no partial permanent disability as a result of the episode of 9–10–57, and the surgery following this episode of 9–13–57, and on 1–31–58."

Upon the evidence produced, the trial judge made the following findings:

"That the claimant did not sustain an accidental injury arising out of and in the course of his employment with said respondents, therefore his claim for compensation is hereby denied."

Claimant contends the findings of the Commission that he did not sustain an accidental injury arising out of and in the course of his employment is not sustained by the evidence and the order is too indefinite and uncertain for judicial interpretation. In support of these contentions, claimant relies on the cases of Garrett v. Board of County Commissioners of Caddo County, 203 Okl. 487, 223 P.2d 368; Four States Oil & Gas Co. v. Brecht, Okl., 290 P.2d 422; and Stickney v. Suttle, 203 Okl. 668, 225 P.2d 799, on the contention that the trial commissioner erred in finding there was no accident when the record and evidence conclusively show and prove an accident did occur. He further relies on the cases of McCarthy v. Forbes Painting & Decorating Co., 200 Okl. 555, 198 P.2d 212; DeVore v. Maidt Plastering Co., 205 Okl. 612, 239 P.2d 520; Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625; Skelly Oil Co. v. Witty, 198 Okl. 384, 179 P.2d 119; Adams v. City of Anadarko, 198 Okl. 484, 180 P.2d 159; and Orman v. Capitol Steel & Iron Co., Okl., 289 P.2d 375, on the contention that the order denying compensation is too indefinite and uncertain for judicial interpretation. If the trial commissioner was correct in his finding that the claimant did not sustain an accidental injury on September 10, 1957, arising out of and in the course of his employment, then the order is sufficiently definite, clear and certain, for judicial interpretation.

The cases relied on by the claimant that the trial commissioner erred in finding that an accidental injury did not occur are not applicable to the facts in this case, (but the cases of Souder v. Mid-Continent Petroleum Corp., 187 Okl. 698, 105 P.2d 750; Parvin v. Jays Electric Service Co., Okl., 309 P.2d 1067 and Beck v. J. B. Cuppy Freight Lines, Okl., 344 P.2d 1061, are applicable) as hereinafter explained.

It is not denied that something happened on September 10, 1957, but the mere happening of an event, in itself, would not require an award in favor of the claimant. In Corzine v. Traders Compress,

supra [196 Okl. 259, 164 P.2d 626], it is stated:

"* * * The mere happening of the accident would not, in itself, require an award to claimant. The award is made for disability due to an injury resulting from the accident. * * *"

and in Souder v. Mid-Continent Petroleum Corp., supra, it is stated:

"* * * It is not our understanding that the State Industrial Commission found that the petitioner did not happen to an accident on the 30th day of May, 1938. Section 13349, O.S.1931, 85 Okl.St.Ann. § 2, has a definite meaning. It includes the disability resulting from the injury, which is the only thing for which the State Industrial Commission is authorized to make an award. * * *"

The above reasoning brought about by the wording of Title 85 O.S.1951 § 11, as follows:

"Every employer subject to the provisions of this Act shall pay, or provide as required by this Act, compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment. * * *"

There is no contradictory evidence that something did happen on September 10, 1957, however, from an examination of the entire record, we are of the opinion that the law as set forth in Parvin v. Jays Electric Service, supra, is controlling wherein we held:

"Where the State Industrial Commission finds that claimant did not sustain an accidental personal injury arising out of nor in the course of her employment, and from an examination of the record it reasonably appears that claimant's disability did not result from an accidental injury, the findings of the Commission and the order based thereon will not be set aside as being too indefinite for judicial interpretation."

See also Beck v. J. B. Cuppy Freight Lines, supra.

It is the disability stemming from an accidental injury, and not the injury itself which is the basis of an award. The mere happening of an event, such as was testified to by the claimant Cranfill, is not the gist of the claim, it is the resulting disability. There is evidence tending to sustain the finding and order of the Commission and we have repeatedly held the findings and order of the Industrial Commission will not be disturbed on appeal when there is competent evidence reasonably tending to sustain them. See Borden Co. v. Trusley, 204 Okl. 253, 228 P.2d 1018; Garner v. Cherokee County, 204 Okl. 535, 231 P.2d 989. The order is therefore sustained.

DAVISON, C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.

WILLIAMS, V. C. J., dissents.