Kenneth BRANDT, Petitioner,

v.

WESTERN OKLAHOMA BUTANE COMPANY, Pan American Fire and Casualty Company, and the State Industrial Commission, Respondents.

No. 38519.

Supreme Court of Oklahoma.

Nov. 10, 1959.

Paul Pugh and Al Pugh, Oklahoma City, for petitioner.

Duke Duvall, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding by Kenneth Brandt, hereinafter called claimant, to obtain a review of an order of the State Industrial Commission denying an award against Western Oklahoma Butane Company, hereinafter called respondent, and its insurance carrier.

Claimant's evidence was to the effect that while employed as a truck driver for respondent, he was standing on the bumper of a truck which was being loaded with butane, gauging the contents, his feet slipped off the bumper, and he fell stiff-legged to the ground, injuring his stomach internally.

The order of the State Industrial Commission denying an award, stated, in pertinent part, as follows:

"That claimant alleged he sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent on or about November 1, 1956, consisting of injury to his internal organs.

"That at the time of said alleged injury, claimant's wages were sufficient to fix his rate of compensation at $28.00 per week for temporary total disability and $28.00 per week for permanent disability; that as a result of

said alleged injury, claimant lost no compensable time, and is entitled to no temporary total disability compensation.

"That claimant sustained no permanent partial disability as a result of said alleged injury, and therefore his claim for permanent partial disability compensation should be denied; *that claimant's condition complained of is not a result of trauma.*" (Emphasis supplied.)

Claimant urges three propositions, as follows: (1) That the order is too indefinite and uncertain for judicial interpretation, (2) that the commission erred in not finding that there was an accident, and (3) that respondent did not file a written answer, as required by the rule of the commission, and thereby admitted claimant's claim.

■ We will consider claimant's first two propositions together. Claimant does not seriously dispute the commission's finding that his disability did not result from an accident, but argues that he is entitled to a finding as to whether he sustained an accident. At page 9 of claimant's brief, he states:

"Although he may not have a disability at this time as a result of said injury, it is entirely conceivable and entirely possible that at a future date he will have a disability that can be established to the satisfaction of the Commission, and the fact of the accident and injury should have been specifically found at the time the order was entered."

The cases cited by claimant in support of his contention that the order should be vacated as being too indefinite for judicial interpretation, McCarthy v. Forbes Painting & Decorating Co., 200 Okl. 555, 198 P. 2d 212, and De Vore v. Maidt Plastering Co., 205 Okl. 612, 239 P.2d 520, are not in point. In those cases, the order recited only that there was not sufficient evidence to establish an accidental personal injury

arising out of and in the course of claimant's employment. In this case, the order recited, "that claimant's condition complained of is not a result of trauma."

Garrett v. Board of County Com'rs of Caddo County, 203 Okl. 487, 223 P.2d 368, cited by claimant in support of his contention that the commission erred in not finding that there was an accident, is distinguishable. In that case, this court vacated the order denying an award for the reason that the evidence conclusively established that claimant's disability resulted from the accident.

■ The term "accidental injury", within the meaning of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq., means disability resulting from an accident for which compensation is payable. The mere happening of an accident in the scope of employment, without injury, does not vest any rights or cause of action in a workman. The *disability resulting from such accident* is the only thing for which the Industrial Commission is authorized to make an award. Capshaw v. Lawson, 194 Okl. 237, 149 P.2d 333; Souder v. Mid-Continent Petroleum Corp., 187 Okl. 698, 105 P.2d 750.

■ Inasmuch as the order complained of found that claimant's condition was not the result of trauma, we are of the opinion that the order sufficiently disposes of all issues presented, and it will not be set aside as being too indefinite and uncertain for judicial interpretation. Parvin v. Jays Electric Service, 309 P.2d 1067. Having found that claimant sustained no disability resulting from an accident, it was unnecessary for the commission to find whether or not claimant had an accident, which, without a resulting injury, is not cognizable under the Act, under the above cited cases.

■ As previously indicated, claimant does not seriously urge that there is no competent medical evidence to support the commission's finding that claimant's disability was not the result of accidental in-

jury. At page 7 of his brief, claimant says:

"A discussion of the medical testimony insofar as this appeal is concerned is unnecessary."

Suffice it to say that there is ample medical evidence to support said finding; and findings of fact made by the State Industrial Commission are conclusive and binding upon this court where there is any competent evidence reasonably tending to support such findings. Dale v. Mike Campbell Const. Co., Okl., 335 P.2d 643.

■ Finally, claimant contends that respondent did not file a written answer as required by rule of the Industrial Commission, and thereby admitted the claim. The record does not reflect that a written answer was filed, although respondent includes in its brief what purports to be a copy of a written answer, bearing the certificate of the secretary of the commission to the effect that said answer was filed. We note that at the hearing on December 30, 1957, the following exchange occurred:

"The Court. All right, now you told me something about the issues. They are (1) the issue denying the accident. Now what else is it you deny?

"Mr. Duvall: Well, we just deny that he has any basis for any claim at all.

"The Court: Do you deny that he has any disability?

"Mr. Duvall: Yes, we deny that he has any disability.

"The Court: You just deny all issues. * * *"

And, at the hearing on April 2, 1958:

"The Court: * * * Then they denied the accident, denied that claimant had any disability, denies all issues.

"Mr. Pugh: All right."

A similar contention was made in Empire Pipeline Co. v. Morgan, 185 Okl. 82, 90 P.2d 389, and it was there held, that employer's failure to file written answer in a compensation proceeding did not amount to admission of claimant's claim, where State Industrial Commission treated entire matter as if written answer were filed, and thereby waived rule requiring answer.

The holding in that case is applicable here, and it additionally appears that claimant's counsel acquiesced in the failure of respondent to file written answer, if there was such failure, and that claimant's rights were not substantially prejudiced thereby.

The order denying an award is sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.