**Arthur F. BAKER, Petitioner,**

v.

**McMICHAEL SAND COMPANY, Standard Insurance Company, and the State Industrial Court, Respondents.**

No. 39245.

Supreme Court of Oklahoma.

Dec. 13, 1960.

Paul Simmons, James Wm. Brown, A. D. Mason, Tulsa, for petitioner.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

Arthur F. Baker, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by McMichael Sand Company he sustained an accidental injury arising out of and in the course of his employment on March 23, 1960. The State Industrial Court entered its order denying an award and this proceeding is brought by claimant against McMichael Sand Company, employer, and its insurance carrier, Standard Insurance Company, to review the order.

Claimant testified that on March 23, 1960, he was a sand pumper for employer and had

been working for employer approximately six years; that he was assisting in carrying an anchor weighing approximately 400 pounds and strained his back; that he worked until March 25th and has not worked for employer since that date; that he called his foreman, O. D. Lane, on the telephone and told him he had hurt his back and was going to see Dr. P at Broken Arrow. The date of this call is not fixed, but claimant stated he believed he had been off about a week when he called. He further testified that on March 28th or 29th he went to see a doctor at Broken Arrow; that Lane did not offer to send him to a doctor and wanted to know when claimant would return to work; that he afterwards wrote Lane a letter stating that he wanted to be sent to a doctor to see what was the matter with him.

Dr. R filed a report for respondents and stated there is no evidence of any physical disability that is a result of the accidental injury of March 23, 1960. However, there is medical evidence that claimant has a disability due to the accidental injury.

Claimant first argues that the order denying an award ignores the undisputed evidence that claimant sustained an accidental injury. Claimant cites Garrett v. Board of County Commissioners of Caddo County, 203 Okl. 487, 223 P.2d 368. In that case we held that the record and the evidence conclusively established an accidental injury and resulting disability.

In the case at bar the medical expert testimony is in conflict. As stated many times, the cause and extent of the disability resulting from an accidental injury is a question of fact, and where the evidence is in conflict and there is any competent evidence reasonably tending to support the finding of the State Industrial Commission, an order or award based thereon will not be disturbed on review. Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199; Price v. Spartan Aircraft Co., Okl., 275 P.2d 705; Sanders v. State Industrial Commission, Okl., 331 P.2d 478; Dale v. Mike Campbell Const. Co., Okl., 335 P.2d

643; and Riley v. Clark Brothers Well Ser. Co., Okl., 321 P.2d 956.

In Brandt v. Western Oklahoma Butane Co., Okl., 346 P.2d 724, 726, it is stated:

"The term 'accidental injury', within the meaning of the Workmen's Compensation Act, 85 O.S.1951, § 1 et seq., means disability resulting from an accident for which compensation is payable. The mere happening of an accident in the scope of employment, without injury, does not vest any rights or cause of action in a workman. *The disability resulting from such accident is* the only thing for which the Industrial Commission is authorized to make an award. Capshaw v. Lawson, 194 Okl. 237, 149 P.2d 333; Souder v. Mid-Continent Petroleum Corp., 187 Okl. 698, 105 P.2d 750."

In Skaggs v. M. & W. Mining Co., 195 Okl. 423, 158 P.2d 722, 723, it is stated:

" * * * Petitioner relies upon the rule that where there is sufficient evidence to support an award it will be sustained. As stated in Kemp v. Comar Oil Co., 185 Okl. 527, 94 P.2d 882, obviously such a rule has no application to situations where the fact has been resolved against the claimant as in the case at bar. * * *"

It is next argued the State Industrial Court erred in failing to allow medical expenses. In this connection, claimant stated he had incurred liability for medical expenses for treatment after he wrote the letter above referred to and contends that since employer made no objections, it should be liable for payment of these expenses.

The claimant did not ask for, either orally or in writing that he be allowed medical expenses; he filed no claim for medical expenses and did not present the amount of the expenses incurred. The testimony of claimant as to receiving medical treatment was not presented for the purpose of receiving medical expenses but for the purpose of tending to establish his disability. The issue of medical expenses was not before the State Industrial Court and there-

fore it did not err in failing to enter an award for medical expenses.

 Under a third and final proposition claimant argues the order of the State Industrial Court was premature for the reason that only temporary disability was an issue. The record fails to support this argument. In claimant's notice of injury and claim for compensation it was stated that he believed he would be permanently partially disabled. There was no stipulation or agreement that the question of permanent disability would be reserved for a later date. Under these circumstances the State Industrial Court was authorized to make a final determination as to temporary and permanent disability. Richardson v. M. & D. Freight Lines, Inc., Okl., 322 P.2d 192.

The order denying the award is sustained.