Mary HACKLEY, Petitioner,

v.

DALLES NURSING HOME, Hartford Accident & Indemnity Company and The State Industrial Court, Respondents.

No. 39936.

Supreme Court of Oklahoma.

June 12, 1962.

———◆———

Harry R. Palmer, Jr., Schwoerke, Schwoerke & Palmer, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

Claimant was denied an award upon a finding by the State Industrial Court that "she did not sustain an accidental personal injury arising out of and in the course of her employment." Claimant states that such finding is unauthorized by law and unsupported by any competent evidence.

Claimant's evidence as to the occurrence of her accident consisted of her own testimony and that of a friend. According to claimant, the accident happened "about somewhere" on September 24 (or 25), 1960, at approximately 7:00 p. m., while she was on duty as a practical nurse at employer's establishment. She was "standing on a *chair* in front of a Frigidaire putting some supplies in a cabinet" when the chair tilted or slipped and she fell to the floor. Land-

ing on her face, she claimed to have injured her nose, right leg, middle finger and back, and also suffered some bruises on her face. Without requesting or receiving medical aid she continued with her regular duties in the establishment until November 11, 1960, when she either quit or her services were terminated as unsatisfactory to the employer. So far as the record reflects, she did not consult a physician until February 10, 1961. The claim was filed on February 1, 1961. Claimant's friend, who was not a co-employee, testified that on the day of the alleged accident she was at employer's place of business "looking for an opening (job) in the kitchen," but "wasn't there to stay"; the witness saw claimant fall from what "looked like a *stool*"; she then "got scared" and "just took off" without going to claimant's aid. According to claimant, two nurses at the establishment saw the accident. Neither of them was called to testify at the hearing.

The evidence as to the occurrence of the accident was contradicted by the employer who testified that the happening of a fall was not "mentioned" to her either by claimant or the other nurses; claimant did not, at the time of her alleged accident, "appear to be injured in any way". An adjustor for the insurance carrier related that claimant's witness could not have been able physically to see the fall from the place where she said she was standing when the injury allegedly occurred. The reports of several physicians corroborated the employer's testimony that claimant did not sustain an injury.

■ The State Industrial Court has the power to weigh the evidence and pass upon the credibility of witnesses appearing before it. Much like a jury it may draw reasonable inferences from facts and circumstances adduced. It is also at liberty to refuse credence to any portion of the testimony deemed unworthy of belief and is not compelled to accord credence to the greater amount of evidence as against the lesser. Standard Roofing & Material Co. v.

Mosley, 176 Okl. 517, 56 P.2d 847; Burch v. Slick, 167 Okl. 639, 31 P.2d 110. In Hanes v. Magnolia Pipe Line Co. et al., 194 Okl. 657, 154 P.2d 53, this Court held:

"Where an accidental injury is an issue and the evidence thereon is in conflict, the State Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony."

■■ As shown by our outline of the evidence, whether claimant sustained an accidental injury from a fall in the course of her employment was a controverted question of fact. The State Industrial Court was authorized to consider all the relevant and competent evidence, including the expert opinion which indicated that claimant suffered no injury, and then make its determination as to where the preponderance of the evidence lay. Hanes v. Magnolia Pipe Line Co. et al., supra; Terry Motor Company v. Mixon, Okl., 361 P.2d 180; Scaggs v. Lindsey Well Service, Inc., Okl., 366 P.2d 945. It is neither the duty nor the province of this Court to interfere with such factual determination of the trial tribunal when founded, as here, on competent evidence. 85 O.S.1961 § 26; Ward v. Whitehill Oil Co. et al., 203 Okl. 277, 220 P.2d 254; Greer v. Sinclair Pipe Line Company, Okl., 356 P.2d 356.

■ It is next argued that the order denying an award rests upon a finding which is not responsive to the issues and too indefinite for judicial interpretation. Claimant cites Corzine v. Compress et al., 196 Okl. 259, 164 P.2d 625, in which claimant's evidence concerning the occurrence to which disability was sought to be attributed was uncontroverted; hence there was no dispute as to the factum of an accidental injury. We held that the trial tribunal failed in its function to determine the ultimate issues, which in that case was the cause of claimant's disability. In the case at bar, the ultimate fact issue was the occurrence of claimant's accidental injury

arising out of or in the course of her employment. We find no analogy to the decision in the Corzine case. Edmonds v. Skelly Oil Co. et al., 204 Okl. 471, 231 P.2d 360; Skaggs v. Bennett Van & Storage, 204 Okl. 32, 226 P.2d 419. In the latter case we held:

"Where the only question before the State Industrial Commission, in a matter pending before it, is whether the claimant sustained an accidental personal injury, a finding that he did not sustain an accidental injury, arising out of and in the course of his employment, is not so indefinite and uncertain as to require reversal."

See also, Moran v. Thomas Concrete Pipe Division, etc., Okl., 368 P.2d 858.

■ Were we, however, to assume, as claimant urges, that the occurrence of her fall stood uncontroverted by the evidence, we would nevertheless be impelled to sustain the trial tribunal's order denying her compensation, since there is competent evidence that her disability, if any, was not causally related to an accidental injury.

In Cranfill v. J. G. Beard Estate, Okl., 348 P.2d 506, it was held:

"Where the State Industrial Commission finds that claimant did not sustain an accidental personal injury arising out of or in the course of his employment, and from an examination of the record it reasonably appears that claimant's disability did not result from an accidental injury, the findings of the commission and the order based thereon will not be set aside as being too indefinite for judicial interpretation."

See also, Beck v. J. B. Cuppy Freight Lines, Okl., 344 P.2d 1061; Parvin v. Jays Electric Service, Okl., 309 P.2d 1067.

The proceedings are free from error of law and the trial tribunal's order rests on competent evidence.

Order sustained.