Patty D. SHEPPARD, Petitioner,

v.

WESTERN ELECTRIC CO., Inc.,
Respondent.

No. 42689.

Supreme Court of Oklahoma.

Dec. 17, 1968.

Rollie D. Thedford, Oklahoma City, for petitioner.

L. E. Stringer, Clyde A. Muchmore, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondent.

BLACKBIRD, Justice.

This is an original proceeding to review an order of the State Industrial Court sitting en banc affirming an order of the trial judge upholding in part, and rejecting in part, the claim of the petitioner, Patty D. Sheppard, claimant below, for compensation benefits under the provisions of the Oklahoma Workmen's Compensation Act. Parties will be referred to as they appeared before the State Industrial Court.

Claimant was awarded compensation for partial permanent disability sustained by her to her right foot, but was denied compensation for any disability to her left foot and back, and medical expenses. Claimant, in her petition for review, challenges only that portion of the order which denied her compensation and medical expenses for her alleged back injury.

Succinctly stated the facts are as follows: Claimant was working for the respondent as an electrical worker at its plant in Oklahoma City on February 19, 1965. Her employment, and compensation rate of $37.50 per week, are admitted. Claimant fell as she was entering the plant and sustained injuries to her right foot. She was furnished medical care and treatment in the plant's medical department. Her right foot and ankle began to swell and became black and blue. Hot packs were placed on her ankle and foot and it was taped. Claimant continued working and sustained no compensable time loss. She testified that she was assigned restricted duties enabling her to sit while working, also that she told the company doctor and nurses that her chest and low back were hurting and that a nurse would give her a blanket and tell her to lie down.

Claimant continued working on the job until December 18, 1965, when she fell while crossing the dance floor at the Diamond Ball Room. She testified that her right foot was weak, and gave way, causing her to fall and sustain a fracture to the left foot and ankle. She did not return to work, but was paid sick leave benefits by the respondent until February 21, 1966. She contends that her fall on the dance floor was caused by a weakened condition of her right ankle sustained from the accident which occurred on February 19, 1965.

Dr. Mc called as a medical witness for the claimant testified: Claimant in her history stated that she slipped and fell and landed on her hands and knees on February 1, 1965, injuring her right ankle and back. In his final report after an examination made on December 16, 1966, Dr. Mc found:

" * * * As a result of the injury to the right ankle in February 1965 she has 15% permanent partial disability to the right foot for ordinary manual labor. It is my opinion that the weakness of the right ankle resulting from the injury in February 1965 caused her to fall on December 17, 1965 with resulting injury to her left ankle and as a result of the injury to her

left ankle she was temporarily totally disabled to do ordinary manual labor from December 17, 1965 until April 5, 1966. As a result of the injury to the left ankle she has in my opinion 20% permanent partial disability to the left foot for the purpose of doing ordinary manual labor. By reason of combination of these two injuries, she has 18% permanent partial disability to the body as a whole for the performance of ordinary manual labor. By reason of the injury to the back she has 10% permanent partial disability to the body as a whole for the performance of ordinary manual labor."

A nurse employed by respondent testified that, on the date of the accident, claimant stated that she had twisted her right ankle, but made no mention of falling down, or having sustained "any injury to her back". Claimant's right ankle was swollen and bruised, with a discoloration under the skin. Hot packs were applied to claimant's ankle until March 5, 1965, when she was released from medical treatment and all restrictions, in connection with the right ankle, were removed. Claimant continued working, made no further complaint, and did not request additional medical treatment.

Two employees of the respondent testified that claimant never made any complaint of injuries to her back, related to the accident of February 19, 1965. A staff doctor stated that he examined claimant on February 21, 1966, and approved her for returning to work. She did not return to work.

Dr. M, an orthopedic surgeon, examined the claimant on April 4, 1966, July 19, 1966, and November 29, 1966, at the request of the respondent. In his written reports submitted by the respondent, Dr. M stated, regarding claimant's condition: "There is full motion of the back in all directions with no muscle spasm" and "there is full motion of right foot and ankle in all directions." In regard to x-ray examination, he stated:

"X-rays were made here today of the neck, the lumbosacral spine, the right foot and ankle, and the left foot. The x-rays are all completely negative except

that in the left foot, there is a healed fracture of the third metatarsal with an old sput of the talo-navicular joint."

He concluded his report as follows:

"In conclusion, I am unable to find any evidence of residual of injury from the accident described on February 19, 1965. In my opinion, she is not in need of medical treatment. She is able to work. In my opinion, there is no permanent partial disability as a result of the injury of February 19, 1965. She does have about ten percent permanent partial disability to the left foot as a result of her injury of December, 1965, but I cannot relate this to the industrial injury described to me on February 19, 1965."

We have held in many cases that, where there is any competent evidence reasonably tending to support the findings of the State Industrial Court, such findings will not be disturbed on review by this court. Hyde Construction Co. v. Sparks, Okl., 385 P.2d 495 and Baker v. McMichael Sand Co., Okl., 357 P.2d 958.

Award sustained.

All the Justices concur.